(July 2, 1918.)

STATE, Appellant, v. GEO. A. McLEOD and W. A. HOLLAND, Respondents.

[173 Pac. 496.]

BAIL BONDS—LIABILITY ON.

 1. Where a bail bond has been duly executed, prior to preliminary examination, to obtain the release of one charged with crime, and the district court upon motion to quash the information orders the case resubmitted to a committing magistrate and the prosecuting attorney files a new complaint before the committing magistrate, such magistrate does not have authority to call upon the sureties to produce the body of the defendant to answer the new charge or to declare the bond forfeited by reason of their failure to do so.

 [As to what will excuse surety from producing principal, see note in 99 Am. Dec. 216.]

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. James R. Bothwell, Judge.

Action on bail bond. Judgment for defendants. *Affirmed.*

Proctor K. Perkins and J. G. Hedrick, for Appellant.

The question as to the sufficiency of the complaint cannot be raised at this time under demurrer, as it was not raised at the preliminary examination either in the form of a demurrer or motion, and a complaint, before a committing magistrate, not sufficient in itself, would not necessarily have the effect to discharge the sureties, as they cannot, when sued, question the sufficiency of the complaint. (Bishop's Criminal Proc., sec. 264.)

The undertaking filed in this case was in the regular form of a continuing bond used in all criminal cases, and the mere fact that it described two offenses, instead of one, would not be sufficient to release the sureties, as it is not necessary that a bail bond state the offense with the same particularity as to detail as is required in an indictment. (*San Francisco v. Randall,* 54 Cal. 410.)

In determining the effect of defects upon the validity of a bail bond, mere technical defects should be disregarded. Describing the offense in a bail bond with which the principal is charged is for the purpose of identifying the case and to inform the sureties of the obligation they assumed.   (3 R. C. L. 35.)

The mere recital of the two offenses, when they described the same act, would not void the contract as the bail bond was regularly executed and the prisoner, by reason of the bond, was discharged from custody, and the object and purpose of the recognizance was served and that is all that the law requires.   (*Dilley v. State,* 3 Ida. 285, 29 Pac. 48.)

The complaint before the committing magistrate stated only one offense, although designated by a compound name, namely: The "larceny and embezzlement" of thirteen funding bonds of the county of Blaine, and the bond was given for that particular offense, regardless of what it might be called in law, and if it was designated in two ways, that certainly would be a compliance with the statute which simply requires that it be designated briefly in the undertaking.   (Sec. 8108, Rev. Codes; *Murray v. People,* 49 Colo. 109, Ann. Cas. 1912A, 693, 111 Pac. 711; *Kelly v. State,* 45 Okl. 215, 145 Pac. 319, 320.)

The statute expressly provides that where a case is resubmitted and the defendant has been admitted to bail, the bail is answerable for the appearance of the defendant to answer a new information.   (Sec. 7733, Rev. Codes.)

John F. Nugent and McFadden & Boyle, for Respondents.

The bail bond herein is a contract and the defendants are entitled to stand on it, and as there is no such offense as the one which they agreed Horne should appear and answer, the said contract was and is void and they are not liable.   (*People v. Sloper,* 1 Ida. 158; *Territory v. Conner,* 17 Okl. 135, 87 Pac. 591; *United States v. Dunbar,* 83 Fed. 151, 27 C. C. A. 488; *Barrera's Sureties v. State,* 32 Tex. 644; 3 Ency. Pl. & Pr. 221–223; 5 Cyc. 99, 106; *Belt v. Spaulding,* 17 Or. 130, 20 Pac. 827; *Waters v. People,* 4 Colo. App. 97, 35 Pac. 56; 6 C. J. 1000.)

RICE, J.—This is an action upon a bail bond brought by the state of Idaho against Geo. A. McLeod and W. A. Holland. From the allegations of the complaint it appears that on February 12, 1915, a complaint was filed in the justice court of Hailey precinct No. 2 of Blaine county by the prosecuting attorney, charging one W. F. Horne and others with "larceny and embezzlement of thirteen funding bonds." The preliminary examination was set for hearing before the justice court on February 22, 1915, and Horne was admitted to bail in the sum of $4,000. On February 12, 1915, the respondents herein entered into an undertaking for the appearance of Horne upon the said charge. The bond in question is as follows:

"An order having been made on the 12th day of February, 1915, by I. T. Osborne, Justice of the Peace in and for said precinct and county, that W. F. Horne, be held to answer and appear before the above-entitled court upon a charge of grand larceny and embezzlement upon which he has been admitted to bail in the sum of $4,000, and which charge is pending against him in behalf of the State of Idaho.

"Now, we, Geo. A. McLeod, a resident of Blaine County, and by occupation a clerk; and W. A. Holland, a resident of Blaine County, and by occupation a merchant, hereby undertake that the above named W. F. Horne will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted will appear for judgment and render himself in execution thereof; or, if he fails to perform either of these conditions, that we will pay to the State of Idaho, the sum of $4,000."

The undertaking was duly filed and approved by the justice of the peace on February 12, 1915, and Horne was thereupon released from the custody of the sheriff of Blaine county. On February 22, 1915, a preliminary examination was duly held, and Horne was held to answer to the charge of grand larceny in the district court of Blaine county. On May 17, 1915, the prosecuting attorney filed an information in the dis-

trict court, charging Horne with larceny of thirteen funding bonds, together with their interest coupons, of the value of $13,655.  On May 18, 1915, Horne filed a motion to quash the information, which motion was sustained by the district court on May 26, 1915, with the direction that "the matter be again submitted to such committing magistrate as the county attorney might desire for further proceedings."  On October 16, 1915, the prosecuting attorney filed another complaint before the said justice of the peace, charging Horne with embezzlement of thirteen funding bonds, together with their attached interest coupons.  Upon the filing of the complaint the justice of the peace issued notices to the defendants, McLeod and Holland, directing them to produce the body of Horne before the said justice of the peace on Monday, the 18th day of October, 1915, to answer the said charge.  The notices were duly served upon the defendants by the sheriff, and upon request of their counsel the case was continued until October 19, 1915, to allow them time in which to produce the body of Horne.  On October 19, 1915, the case was again called, and the respondents being unable to produce the body of Horne the bail bond was declared forfeited.

A demurrer was filed to the complaint in the district court, which demurrer was sustained, and upon failure of the appellant to amend its complaint within the time allowed a judgment of dismissal was entered, from which judgment this appeal was prosecuted.

According to the allegations of the complaint the defendant Horne appeared and answered the charge pending against him at the time the bond was given in all the courts in which it was prosecuted.  The state saw fit to abandon further prosecution of the charge which the sureties on the bail bond undertook the defendant would answer.  The sureties on the bond did not undertake that the defendant would appear and answer any other charge than the one pending at the time they signed the obligation.  The justice of the peace did not have authority to call upon the sureties to produce the body of the defendant to answer to the new charge, or declare the bond

forfeited by reason of their failure so to do. The complaint failed to show a breach of the bond.

The judgment is affirmed. Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.