408 So.2d 756 (1982)
ALLIED FIDELITY INSURANCE COMPANY, Appellant,
v.
The STATE of Florida, for the Use and Benefit of Dade County, Appellee.
No. 81-1279.
District Court of Appeal of Florida, Third District.
January 12, 1982.
Neil I. Maryanoff, Miami, for appellant.
Robert A. Ginsburg, County Atty., and James A. Jurkowski, Asst. County Atty., for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and OWEN, WILLIAM C., Jr., (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
When the State chooses, as is its prerogative, and apparently often its wont, to announce that it brings "no action,"[1] because it is not prepared to charge a defendant in an information or indictment or, alternatively, to afford to the defendant an adversary preliminary hearing within twenty-one days from the date of his arrest, see Fla.R.Crim.P. 3.131(b), it must accept the consequences of its action, the most obvious of which is that the case against the defendant is, at least for the moment,[2] over. If, as here, the defendant who is the beneficiary of the "no action" is at liberty on a bail bond, the exoneration of him, as principal, is an exoneration of the surety.
In the present case, one Lazaro Martinez was arrested on a burglary charge on August 22, 1980. Allied Fidelity Insurance Company (the surety) undertook a bail obligation and secured Martinez's release from custody. Twenty-one days later, the State, not having filed an information or indictment, announced a "no action" of the charges against Martinez.
*757 Nearly three months later, the State filed an information charging Martinez with the burglary. A notice of arraignment was mailed to Martinez and the surety. When Martinez failed to appear on the date set forth in the notice, the trial court entered a final judgment of estreature against Allied. Allied appeals, and we reverse.
The State contends that since it has six months from the time of the defendant's arrest to bring him to trial under the speedy trial rule, the obligation of the defendant to appear and the concomitant obligation of the surety to produce the defendant are not discharged by a "no action" announcement until that time has run. Since the State concedes, as it must, that a nolle prosequi or its equivalent would relieve the defendant of any obligation to appear and would discharge the surety,[3]see All Florida Surety Company v. State, 78 So.2d 89 (Fla. 1955); State v. McLeod, 31 Idaho 536, 173 P. 496 (1918); State v. Veterans of Foreign Wars Post 1856, 223 Iowa 1146, 274 N.W. 916 (1937); see also State v. Sokol, 208 So.2d 156 (Fla. 3d DCA 1968), it is critical to its contention that a "no action" is ineffective to discharge the surety, that a "no action," unlike a nolle prosequi, does not release the defendant. It is far from convincing for the State to attempt to distinguish a nolle prosequi by calling a no action "merely an administrative indication that the State is not proceeding with its case at the time of the announcement." That very definition of a "no action" is equally applicable to a nolle prosequi, which, itself, is but a non-final, non-binding indication that the State is not proceeding with its case at the time of the nolle prosequi. State v. Sokol, supra. But equally important is that a "no action" is not, as the State suggests, a mere "administrative indication" gratuitously taken by the State.[4] As the State well knows:
"A defendant who is not charged in an information or indictment within 21 days from the date of his arrest... shall have a right to an adversary preliminary hearing on any felony charge then pending against him. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding." Fla.R.Crim.P. 3.131(b)(1).
We are not blind to the fact that the State, in order to eliminate the defendant's entitlement to an adversary preliminary hearing where it has not filed an information or indictment within the allotted twenty-one days, dismisses, by a "no action," the then pending charges. As we have said, this is the State's prerogative. But having exercised this prerogative, the State cannot be heard to say that the restraint on the defendant remains as before. As the rule so clearly tells us, had an adversary preliminary hearing been held and no probable cause found, the defendant would have been entitled to be released on his own recognizance or under a summons to appear, Fla.R.Crim.P. 3.131(b)(5), that is, released on far less onerous conditions than a bail bond.[5] Surely the State cannot on the one hand defeat the defendant's right to an adversary preliminary hearing, and thus a potential finding of no probable cause, and on the other hand urge that a greater restraint on his liberty than that allowed by Florida Rule of Criminal Procedure 3.131(b)(5) continue in effect.
Accordingly, we hold that the announcement of a "no action" serves to release the accused, and, simultaneously, discharges *758 the surety. If the State later files an information or indictment against the released accused, his presence before the court to answer to the charges contained in the information or indictment must be acquired, not through a letter, but through the process or order of the court, as by summons or, if necessary, an arrest warrant.
The final judgment of forfeiture against Allied Fidelity Insurance Company is
Reversed.
NOTES
[1] A "no action" is a dismissal of the pending charges before an information or indictment has been filed; a nolle prosequi is the dismissal of a pending information or indictment.
[2] Neither a "no action" nor a "nolle prosequi" prevents a subsequent charging of the defendant by an information or indictment, see State v. Sokol, 208 So.2d 156 (Fla. 3d DCA 1968). Both, however, serve to terminate then pending proceedings and to release the defendant from all restraint.
[3] A nolle prosequi clearly, even if not permanently, abandons the prosecution. Whether the filing of a second information while the first is pending constitutes an abandonment of the first so as to discharge the surety, compare All Florida Surety Company v. State, 78 So.2d 89 (Fla. 1955), with Cotton Belt Insurance Company v. State, 392 So.2d 34 (Fla. 3d DCA 1981), is irrelevant to the present case.
[4] Since the mere fact that an information or indictment is not filed does not serve to discharge a surety, West v. State, 75 Fla. 342, 78 So. 275 (1918); see also Worthley v. State, 320 So.2d 479 (Fla. 3d DCA 1975), the announcement would seem superfluous but for the desire of the State to avoid the impact of Florida Rule of Criminal Procedure 3.131(b)(1). See infra.
[5] Such a release would have discharged the surety on the original bond. Accredited Surety and Casualty Company, Inc. v. State, 383 So.2d 308 (Fla. 2d DCA 1980).