LEHAN, Judge.
This case involves the novel question of whether the placing of a case on an “absentee docket” and the failure to thereafter refile an information against defendant before trial deprived the trial court of jurisdiction at defendant’s trial. The able trial court, after giving obviously careful consideration to the matter, dismissed the case for lack of jurisdiction. However, we conclude that we must reverse.
Defendant contends that the practice in Hillsborough County of putting a case on an absentee docket constitutes ipso facto a nolle prosequi by the state. We disagree. A nolle prosequi may be generally defined as the state’s unwillingness to prosecute. Wilson v. Renfroe, 91 So.2d 857 (Fla.1956); Allied Fidelity Insurance Co. v. State, 408 So.2d 756 (Fla. 3d DCA 1982); Gatto v. Publix Supermarkets, Inc., 387 So.2d 377 (Fla. 3d DCA 1980). In this case, prior to placing the case on the absentee docket, there was a comment by the prosecutor relative to the state’s inability to go forward. But we conclude from that statement and from the placing of the case on the absentee docket, rather than the filing of a nolle prosequi, that there was no expressed unwillingness to prosecute, only an unwillingness to have the case set for trial and to go to trial during a particular time period. We find no prohibition against the practice of taking a case off of the list of “active” cases ready to be set for trial, which was the effect of the state’s action here. No speedy trial considerations were involved.
We do not find under the facts of this case that the lack of a more formal adoption by the circuit court of a rule permitting absentee dockets caused the practice of delaying the setting of trial, which was all that was done here, to be an act discharging the defendant. While formal court rules are required for various procedures, it is, of course, unrealistic to con- *1096 elude that they are required for each and every administrative or clerical act of a court.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
BOARDMAN, A.C.J., and DANAHY, J., concur.