866 So.2d 208 (2004)
Robert PURCHASE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1371.
District Court of Appeal of Florida, Fourth District.
February 25, 2004.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was charged by information with armed kidnapping, carjacking with a deadly weapon, and sexual battery with great force. He pled no contest to armed kidnapping and carjacking with a deadly weapon and appeals the trial court's order denying his motion to withdraw his plea. We find no abuse of discretion in the trial court's finding that appellant did not establish good cause to withdraw his plea.
Appellant also raises, for the first time on appeal, that the trial court did not have jurisdiction to accept his plea because his file contained a document entitled "no information." He argues that this document was a nolle prosequi, which amounts to a dismissal or nullification of an indictment or information. State v. Vazquez, 450 So.2d 203 (Fla.1984); Childers v. State, 277 So.2d 594 (Fla. 4th DCA 1973) (defendant may not be tried under an information that has been nolle prossed, as that information is a nullity and cannot confer jurisdiction on the court).
The "no information" was filed after the information, and around the same time that the appellant pled no contest to the two charges which were listed in the "no information." It was never mentioned in the proceedings below and, as we noted earlier, is being raised for the first time on appeal.
The parties have not cited, and we have not been able to find, any case law or rules in Florida defining the term "no information." The term "no action," on the other hand has been defined as the voluntary termination of proceedings by the state before an information is filed. Genden v. Fuller, 648 So.2d 1183, 1183 n. 1 (Fla. 1994); Allied Fidelity Ins. Co. v. State for Use and Benefit of Dade County, 408 So.2d 756, 756 n. 1 (Fla. 3d DCA 1982) ("A `no action' is a dismissal of the pending charges before an information or indictment has been filed; a nolle prosequi is the dismissal of a pending information or indictment."). A "no action" serves the *209 purpose of letting a person who has been arrested know that an information will not be filed or an indictment will not be sought.
We do not agree with appellant that a "no information" is a nolle prosequi. From a grammatical standpoint a "no information" is the same as a "no action." An action is a "civil or criminal judicial proceeding," Black's Law Dictionary 28 (7th ed.1990), and an information is a "formal criminal charge." Id. at 783.[1]
Our narrow interpretation of what can constitute a nolle prosequi is consistent with Wilson v. Renfroe, 91 So.2d 857 (Fla. 1956), in which the prosecutor filed a motion to dismiss criminal charges which stated that an investigation showed that there was insufficient evidence to prove the case. Our supreme court rejected the defendant's contention that the motion to dismiss was a nolle prosequi.
Affirmed.
POLEN and HAZOURI, JJ., concur.
NOTES
[1] We also know from experience that prosecutors use "no actions" and "no informations" interchangeably to give notice that an information will not be filed.