905 So.2d 172 (2005)
STATE of Florida, Appellant,
v.
Joseph Warren CLIFTON, Appellee.
No. 5D03-4110.
District Court of Appeal of Florida, Fifth District.
March 18, 2005.
*174 Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellant.
Adam Pollack of Faulkner & Pollack, P.A., Orlando, for Appellee.

ON MOTION FOR REHEARING OR CLARIFICATION
SAWAYA, C.J.
Appellant's Motion for Rehearing or Clarification is granted. The opinion dated February 11, 2005, is withdrawn to the extent that the last paragraph has been changed, and the opinion below is substituted therefore.
The State appeals the order dismissing the amended information charging Joseph Clifton with five counts of arson of a dwelling. The basis of the order of dismissal was the trial court's conclusion that the speedy trial time limit had expired and, therefore, Clifton was entitled to discharge. The specific issue we must resolve is whether the filing of an amended information after the speedy trial time limit has expired, but before the defendant files a notice of expiration pursuant to rule 3.191(h), Florida Rules of Criminal Procedure, entitles the defendant to automatic discharge and deprives the state of the recapture provisions of rule 3.191(p), Florida Rules of Criminal Procedure.
The facts underlying Clifton's alleged criminal conduct that made him a participant in the criminal justice system as a defendant answerable for his misconduct are not important to resolution of the issue before us. Because we are attempting to resolve a speedy trial issue, timing is everything and so we will reveal the pertinent timeline of the State's actions in prosecuting Clifton for his misdeeds.
Clifton was arrested on May 16, 2003, for willfully setting his residence on fire. The fire spread to four other structures and a vehicle. On August 20, 2003, the State filed an information charging Clifton with four counts of arson of a dwelling. On December 3, 2003, the State filed an amended information adding another count of arson. Here it is important to emphasize that the four counts alleged in the original information were realleged without change in the amended information. Additionally, at no time after his arrest did Clifton either waive his right to a speedy trial or make a demand for one.
On December 15, 2003, Clifton filed a motion to dismiss the amended information, arguing that pursuant to State v. Agee, 622 So.2d 473 (Fla.1993), the State could not file the amended information after the speedy trial time period had expired. On the same day, the trial court conducted a hearing on the motion. At the hearing, the prosecutor informed the court that he had inadvertently filed the amended information after the speedy trial time period had expired, but noted that the four counts contained in the original *175 information had been continuously pending and that the amended information only added a fifth count, which he conceded should be dismissed. Taking the matter under advisement, the trial court adjourned the hearing. On the next day, prior to any ruling from the trial court, Clifton filed a notice of expiration of the speedy trial time period. On December 17, 2003, the trial court entered the order now under review which dismissed the amended information pursuant to Agee. The trial court specifically held that dismissal was proper because the speedy trial period had expired before the amended information was filed, and it implicitly held that the recapture provisions of the speedy trial rule did not apply.
Florida Rule of Criminal Procedure 3.191, commonly referred to as the speedy trial rule, requires the state to bring a defendant to trial within a time certain from the date the defendant is taken into custody: if the charge is a misdemeanor, within 90 days; and if the charge is a felony, within 175 days. The defendant has the right to demand a speedy trial, which will substantially shorten the time periods, especially if the charge is a felony. The speedy trial rule is not self-executing; rather, the accused must take affirmative action in order to avail himself or herself of the remedies available under the rule for the state's failure to comply with the requisite time limitations. See State v. Gibson, 783 So.2d 1155, 1158 (Fla. 5th DCA 2001) ("The provisions of rule 3.191 make it evident that the rule is not self executing: it requires the defendant to take certain steps to trigger application of rule 3.191(p)(3) which will either ensure a speedy trial or a discharge from the alleged crime.") (citations omitted). Hence, once the applicable time period has expired, the accused must file a notice of expiration pursuant to rule 3.191(h). Gibson. A hearing must be held within five days, and unless one of the exceptions contained in the rule applies, the trial court shall order that the defendant be brought to trial within ten days or be forever discharged from the crime. Fla. R.Crim. P. 3.191(p). The combined fifteen-day period is commonly referred to as the "window of recapture," and its intent is to give the state a final opportunity to bring the defendant to trial within fifteen days of the filing of the notice of expiration. Agee, 622 So.2d at 474. Failure to comply with the recapture provisions of the rule should prompt the accused to file a motion for discharge with the trial court. See Fla. R.Crim. P. 3.191(p)(3). Rule 3.191(o) prohibits the state from circumventing the remedial provisions of the speedy trial rule by entering a nolle prosequi and later refiling charges after the speedy trial period has expired:
(o) Nolle Prosequi; Effect. The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
Fla. R.Crim. P. 3.191(o).
It is Agee and its progeny that Clifton cites in support of his argument that discharge is the appropriate remedy for him in the instant case. In Agee, the court held that pursuant to rule 3.191(o), "when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." Agee, 622 So.2d at 475. The window of recapture is not available to the *176 state in that circumstance, the court concluded. Subsequently, the court in Genden v. Fuller, 648 So.2d 1183 (Fla.1994), extended the holding in Agee to instances where the prosecution is terminated by a voluntary dismissal before an indictment or information is filed. For example, this may occur, as it did in Genden, when a defendant is arrested and the state announces that it will bring no action before formal charges are brought by the filing of an information or indictment. The court held that "the speedy trial time begins to run when an accused is first taken into custody and continues to run when the State voluntarily terminates prosecution before formal charges are filed and the State may not file charges based on the same conduct after the speedy trial period has expired." Genden, 648 So.2d at 1185. The court subsequently held in State v. Williams, 791 So.2d 1088, 1091 (Fla.2001), that "the speedy trial time begins to run when an accused is taken into custody and continues to run even if the State does not act until after the expiration of that speedy trial period. The State may not file charges based on the same conduct after the speedy trial period has expired." Hence, if the state does nothing and fails to announce "no action" after the defendant is arrested, thereby allowing the speedy trial time to expire, Agee applies and the state may not subsequently file charges.
Encapsulating the decisions of this trilogy of cases provides a rather clear pronouncement by the Florida Supreme Court that the state may not circumvent the purpose and intent of the speedy trial rule by: 1) entering a nolle prosequi of the charges and waiting to refile them until after the speedy trial period has expired; 2) voluntarily dismissing the charges before they are formally filed and filing formal charges after the time limit has expired; or 3) taking no action after the defendant is arrested and waiting until after the speedy trial period has expired to file formal charges. In these instances, the state has essentially abandoned the prosecution and the recapture provisions of the rule do not apply, with the result that the defendant must be discharged. But this pronouncement is not so clear when we confront, as we do in the instant case, the issue whether the state may amend an information after the speedy trial time period has expired. In order to determine whether the amended information will suffer the same fate, we must analyze the following: (1) the reason for the holdings in Agee, Genden, and Williams; and (2) the distinguishing features between an amended information and (a) a nolle prosequi, (b) an announcement of "no action," and (c) the state simply doing nothing as the speedy trial period expires.
The reason the state was prohibited from filing charges and proceeding with prosecution in the three instances addressed in Agee, Genden, and Williams is based on fairness to the accused and preservation of the integrity of the speedy trial rule. As we previously indicated, the speedy trial rule is not self-executing. Gibson. The defendant must initiate its application by filing a notice of expiration under rule 3.191(h), which requires the trial court to conduct a hearing within five days of the notice and a trial within ten days of the hearing. Fla. R.Crim. P. 3.191(p); Gibson. When the state enters a nolle prosequi or voluntarily dismisses the action by an announcement of "no action," the state essentially proclaims its intention to terminate the prosecution and proceed no further.[1] Simply doing nothing to initiate *177 prosecution after the accused is taken into custody signifies that the state does not intend to initiate prosecution. In these instances, the state essentially abandons the prosecution before the defendant can avail himself or herself of the protections afforded by the speedy trial rule. To allow the state to proceed with the prosecution in these instances would circumvent the intent and purpose of the speedy trial rule, and it is this mischief that the court seeks to prohibit by its adoption of rule 3.191(o) and its decisions in Agee, Genden, and Williams. This is not a concern, however, when the state files an amended information.
The filing of an amended information differs significantly from a nolle prosequi, an announcement of "no action," and doing nothing to initiate prosecution because with the filing of an amended information, there is no interruption in, or cessation of, the prosecution. With an amended information, the defendant maintains the ability to invoke the speedy trial rule at his or her discretion by filing a notice of expiration in accordance with the rule.[2] Moreover, the state maintains the *178 right to amend its information as the prosecution of the defendant progresses as long as the defendant is not prejudiced. In State v. Erickson, 852 So.2d 289 (Fla. 5th DCA 2003), this court explained:
It is well-settled that the state may amend its information pre-trial or even during trial, either as to substantive or non-substantive matters, unless the defendant is prejudiced thereby. E.g., Lackos v. State, 339 So.2d 217 (Fla. 1976); State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989); Rivera v. State, 745 So.2d 343 (Fla. 4th DCA 1999); State v. Garcia, 692 So.2d 984 (Fla. 3d DCA 1997); Sanders v. State, 669 So.2d 356 (Fla. 5th DCA 1996).
Id. at 291; see also Blake v. State, 873 So.2d 1259, 1260 (Fla. 1st DCA 2004) ("Appellant argues that his felony conviction should be reversed because the state amended the information after the close of evidence. Because the amendment added no new allegations to the information, Appellant was not prejudiced and is not entitled to relief.") (citation omitted); Green v. State, 728 So.2d 779, 780 (Fla. 4th DCA 1999) ("We agree that the key to whether it is error to permit amendment during trial is whether the defendant is thereby prejudiced.") (citation omitted). Therefore, the central inquiry is whether the defendant was prejudiced by the amended information.
Distilled to their essence, the cases we have analyzed require that in order to resolve the issue before us, we must determine: 1) whether there has been an abandonment or cessation of the prosecution previously initiated; and, 2) if not, whether the amendment causes prejudice to the defendant. We will apply this analysis to the new count contained in the amended information first.
Count five of the amended information was not previously charged. The courts have held that the speedy trial time period for all crimes arising out of the same criminal conduct or episode commences from the date the defendant is taken into custody, even for crimes not charged in the information filed by the state. See Reed v. State, 649 So.2d 227 (Fla.1995); State v. Hanna, 858 So.2d 1248 (Fla. 5th DCA 2003); Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980); Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979); State v. Thaddies, 364 So.2d 819 (Fla. 4th DCA 1978); Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976); Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975); see also Burk v. Washington, 713 So.2d 988 (Fla.1998); Gibson. Therefore, if an amended information is filed after the speedy trial time period has expired and the defendant has not previously waived his or her right to speedy trial, then upon proper motion by the defendant, the new charges contained in the amended information must be dismissed if they arose from the same criminal episode as the charges contained in the original information. Under these circumstances, it is not necessary to file a notice of expiration because the time limit has expired. All that is necessary is that the defendant file a motion for discharge directed to the new charges.
Here, Clifton never waived his right to a speedy trial; the crime charged in count five of the amended information arose out of the same criminal episode as the four charges contained in the original information; and the amended information was filed after the speedy trial time period had expired. Filing an amended information that contains a new charge based on the same criminal episode as the previously filed charges is certainly prejudicial. Failure to extend Agee in such instances may present to some overzealous prosecutors a far too tantalizing opportunity to intentionally avoid application of the remedial provisions of the speedy trial rule through the *179 artifice of an amended information that attempts to breathe life into an otherwise failed prosecution of the original charges. We conclude that the trial court properly dismissed that count.
As to the other four counts in the amended information, the allegations in each are identical to the counts charged in the original information. The State in no way signaled its intention to abandon or cease prosecution of Clifton for those charges and we can discern no prejudice to Clifton by realleging them in the amended information. Dismissal of those counts was therefore improper. Accordingly, we affirm the part of the order that dismisses count five of the amended information; reverse the remainder of the order, which dismisses the other four counts; and remand for further proceedings consistent with this opinion and consistent with State v. Rohm, 645 So.2d 968 (Fla.1994), and Florida Rule of Criminal Procedure 3.191(m).
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, W. and PETERSON, JJ., concur.
NOTES
[1] We note that a "no action" and a nolle prosequi both signify that the state intends to terminate the prosecution and proceed no further. As the court explained in Purchase v. State, 866 So.2d 208 (Fla. 4th DCA 2004):

The term "no action," on the other hand has been defined as the voluntary termination of proceedings by the state before an information is filed. Genden v. Fuller, 648 So.2d 1183, 1183 n. 1 (Fla.1994); Allied Fidelity Ins. Co. v. State for Use and Benefit of Dade County, 408 So.2d 756, 756 n. 1 (Fla. 3d DCA 1982) ("A `no action' is a dismissal of the pending charges before an information or indictment has been filed; a nolle prosequi is the dismissal of a pending information or indictment."). A "no action" serves the purpose of letting a person who has been arrested know that an information will not be filed or an indictment will not be sought.
Id. at 208-09; see also Wilson v. Renfroe, 91 So.2d 857, 859 (Fla.1956) ("The words `nolle prosequi' are a Latin expression which translated literally mean `to be unwilling to prosecute.'"); Babun v. State, 576 So.2d 377, 377 n. 1 (Fla. 3d DCA 1991) ("A nolle prosequi is a formal entry on the record by the prosecutor declaring that there will be no further prosecution of either the entire case, some of the counts, or some of the defendants.") (citation omitted); State v. Campbell, 452 So.2d 1095, 1095 (Fla. 2d DCA 1984) ("A nolle prosequi may be generally defined as the state's unwillingness to prosecute.") (citations omitted); State v. Jackson, 420 So.2d 320, 322 (Fla. 4th DCA 1982) ("The words `nolle prosequi' are a Latin expression which translated literally mean `to be unwilling to prosecute.'")
[2] We note that in the context of the statute of limitations applicable to criminal cases, the courts have held that when the state files an amended information that alleges a new crime in place of the crime originally charged, or completely restates the crime originally charged, the amended information vitiates the original information in the same manner as a nolle prosequi. See State v. Anderson, 537 So.2d 1373 (Fla.1989); Pepperel v. State, 335 So.2d 872 (Fla. 2d DCA 1976); Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971). However, when the state files an amended information that does not substantially alter the original charge or otherwise prejudice the defendant and it is sufficiently linked to the original information, the courts have held that the amended information relates back to the filing of the original information without an interruption of the prosecution of the case. See Cipollina v. State, 501 So.2d 2 (Fla. 2d DCA 1986), review denied, 509 So.2d 1119 (Fla.1987); State v. Garofalo, 453 So.2d 905 (Fla. 4th DCA 1984); Harris v. State, 229 So.2d 670 (Fla. 3rd DCA 1969), cert. denied, 237 So.2d 752 (Fla.1970); see also Scharfschwerdt v. Kanarek, 553 So.2d 218 (Fla. 4th DCA 1989), review denied, 563 So.2d 633 (Fla.1990). The designation of the subsequently-filed information as an "amended information," which contains the same case number, alleges the same charges, and is filed in the same case as the original information, may sufficiently link the subsequently-filed amended information to the original information and constitute a continuation of the prosecution. Domberg v. State ex rel. Peach, 443 So.2d 119 (Fla. 1st DCA 1983), pet. for review denied, 449 So.2d 264 (Fla.1984); Harris; see also Rubin v. State, 390 So.2d 322 (Fla.1980).