ORFINGER, J.
The State of Florida appeals the trial court’s dismissal of its delinquency petition involving O.L., a- child, on speedy trial grounds. Because the trial judge failed to afford the State the opportunity to bring the matter to trial within the ten-day recapture period provided for by rule, we reverse.
The relevant facts are - not in dispute. The adjudicatory hearing on the State’s delinquency petition was not commenced within the speedy trial period set forth by Florida Rule of Juvenile Procedure 8.090(d)(6). As a result, O.L.’s counsel filed a motion for discharge and a timely hearing was conducted. At that hearing, it was apparent that none of the exceptions set forth in rule 8.090(d) applied. Consequently, the trial court was required to apply the remedy set forth in rule 8.090(m) by permitting the State ten days within which to try the charge. If the State failed to commence trial within ten days through no fault attributable to O.L., then the court would have been required to grant the motion for discharge. State v. B.S.S., 890 So.2d 487, 489 (Fla. 5th DCA 2004).
Here, the trial court dismissed the charge without allowing the State the benefit of the ten-day recapture period. O.L. argues that the State failed to preserve that argument for review by not requesting the benefit of the ten-day recapture period. We reject that contention, as it was the trial court’s clear obligation under *822 the rule to set the matter for trial within ten days following the hearing on O.L’s motion for discharge.
We vacate the order of dismissal and remand this matter for further proceedings.
VACATE ORDER; REMAND.
PALMER and MONACO, JJ., concur.