ORFINGER, J.
The State appeals the trial court’s order dismissing the delinquency petitions filed against J.L.S. on the basis of the State’s *586 violation of Florida’s speedy trial rule.[1] We affirm.
Florida Rule of Juvenile Procedure 8.090 provides, in relevant part, that the State has 90 days within which to prosecute a delinquency petition:
Rule 8.090. Speedy Trial
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
Here, J.L.S. was arrested on June 17, 2004, relating to six separate burglaries, but the State waited seven months before filing any petition related to the arrest. Specifically, on January 14, 2005, the State filed five petitions for delinquency related to five of the six alleged burglaries. On May 2, 2005, J.L.S. filed a motion seeking discharge of the petitions, claiming that the speedy trial provision of rule 8.090(a)(1) had expired. The trial court conducted a hearing on the motion.
At the hearing, J.L.S. argued that each of the affidavits filed by the police officers indicated that J.L.S. was arrested for all of the crimes on June 17, 2004. In response, the State argued that the arrest on that date was for only one burglary, not the other five. The trial court concluded that J.L.S. was in custody on June 17, 2004, for all six charges, and, accordingly, the State had failed to timely prosecute the charges. We find no error in the trial court’s conclusion. The charging affidavit clearly set forth that J.L.S. was charged with all six cases when he was arrested. Therefore, the trial court’s finding that, on the totality of the circumstances, J.L.S. was taken into custody on all six crimes when he was arrested was supported by competent substantial evidence. Accordingly, the trial court properly dismissed the instant delinquency petitions. See State v. Clifton, 905 So.2d 172 (Fla. 5th DCA 2005) (holding that the State can not circumvent the purpose and intent of the speedy trial rule by taking no action after the defendant is arrested and waiting until after the speedy trial period has expired to file formal charges).
In closing, we note that the facts presented in this case are distinctly different from those that were presented in State v. O.L., 921 So.2d 821 (Fla. 5th DCA 2006), and, as a result, the recapture provision of rule 8.090, which was applied in O.L., is not applicable in this case. To that end, in O.L., the State had filed a delinquency petition against the juvenile before the speedy time period had elapsed, whereas, in this case, no delinquency petition had been filed against J.L.S. until after the speedy trial period had elapsed.[2]
AFFIRMED.
PALMER and MONACO, JJ., concur.

. See Fla. R. Juv. P. 8.090.

. The panel of judges in this case is the same panel as that in the O.L. case.