LAWSON, J.
The State of Florida appeals an order dismissing a Second Amended Information and forever discharging Hector Pereira from prosecution on two charges of lewd and lascivious battery, or any other charge connected with the criminal episode for which he was arrested on February 16, 2013. The offenses were alleged to have occurred in February 2012, when Pereira, then age nineteen, was offered a temporary place to stay by the victim’s mother, who explained that she offered Pereira shelter to help him “get[] his life back together.” Pereira is the same age as the victim’s older brother, and is a cousin of the victim. The victim, then age twelve, reported that she woke up one night to find Pereira on top of her, engaging in penile/vaginal intercourse. She alleged that other sex acts followed on more than one occasion. The trial court dismissed the information and discharged Pereira based upon a belief that this result was required by Florida’s procedural “speedy trial rule,” Florida Rule of Criminal Procedure 3. 191, as interpreted and applied in binding precedent from this court and the Florida Supreme Court. Finding that the cases cited to and relied upon by the trial court do not apply under these facts, we reverse.
On March 8, 2013, twenty days after Pereira’s ai*rest, the State filed its original Information charging Pereira with the two crimes outlined above. The State then requested and secured one trial continuance without Pereira’s agreement. At a pretrial conference on June 25, 2013, both parties announced that they were ready for trial, which was set for 8:30 a.m. on July 8, 2013 — 142 days after Pereira’s arrest and comfortably within the general 175-day period set forth in rule 3.191(a) as the time within which a defendant should be brought to trial following arrest on felony charges (absent a waiver or other circumstances outlined in the speedy trial rule).
Instead, the State and Pereira reached an agreement pursuant to which the State *946 would file an Amended Information charging a single count of child abuse, to which Pereira would enter a plea in exchange for an adjudication of guilt and a downward departure jail sentence. A plea hearing was scheduled for July 12, 2013 — 146 days after Pereira’s arrest. At the start of the hearing, the State filed an Amended Information, as agreed, and outlined the agreement on the record. The prosecutor also explained that the victim’s mother opposed the agreed disposition and wanted to address the court at the appropriate time. The judge conducted a thorough plea colloquy with Pereira, assuring that he had voluntarily agreed to plead as outlined, fully understood the rights that he would be giving up by entering the plea, and understood the consequences of the plea. As a factual basis, the prosecutor outlined two incidents of penile/vaginal penetration involving Pereira and the victim. The victim’s mother then explained why she and her daughter were opposed to the plea, and stated that they would rather go through the ordeal of a trial than live with the light sentence agreed to by the parties. After further questioning the mother and the prosecutor about the case, the judge announced that he was unwilling to impose the agreed sentence and was “not taking the plea.”
Obviously aware that the speedy trial deadline was nearing, the prosecutor asked that the case be set for trial the next week, to which defense counsel objected, stating that she would be unavailable the next week. To accommodate defense counsel’s schedule, the judge announced that the case would be set for a time certain, as “trial number one” on July 22, 2013 — 156 days after Pereira’s arrest. However, it appears from the docket included in the record that the clerk did not reset the trial. The next activity of record was Per-eira’s August 12, 2013 Notice of Expiration of Speedy Trial, alleging that the period to bring him to trial had expired on August 10, 2013. On August 14, the trial court held a timely hearing on the notice and set the matter for trial on August 21, 2013, within the fifteen-day “recapture period” authorized by subsection (p)(3) of rule 3.191. On the same day as the hearing, August 14, 2013, the State filed a Second Amended Information to supersede the child abuse charge and reinstate the two charges of lewd and lascivious battery in place before the plea agreement. The parties agreed that the charges set forth in the Second Amended Information were identical to those charged in the original Information. On August 15, 2013, Pereira filed a motion to dismiss the Second Amended Information and for discharge, which the trial court granted on August 19, 2013. This appeal followed.
Generally, “the filing of an amended information purporting to be a complete restatement of the charges supersedes and vitiates an earlier information.” State v. Anderson, 537 So.2d 1373, 1374 (Fla.1989); see also State v. Belton, 468 So.2d 495, 497 (Fla. 5th DCA 1985) (finding that generally the “filing of a signed and sworn amended information has the effect on the original information of a nolle prosequi”). Thus, the trial court correctly concluded that the State’s filing of the Amended Information at the beginning of the July 12 plea hearing acted as a nolle prosequi of the original Information. In State v. Agee, 622 So.2d 473 (Fla.1993), the Florida Supreme Court held that the speedy trial period continues to run after entry of a nolle prosequi, and that the State cannot refile abandoned charges by filing a new information after expiration of the. speedy trial period. This holding was grounded firmly upon a concern éxpressly addressed in subsection (h)(2) of rule 3.191, which provides that the “intent and effect” of the speedy trial rule “shall not *947 be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode....” The Court in Agee explained that allowing the state to “unilaterally toll the running of the speedy trial period by entering a nolle pros would eviscerate” the rule because “a prosecutor with a weak case could simply enter a nolle pros while continuing to develop the case and then refile charges based on the same criminal episode months or even years later, thus effectively denying an accused the right to a speedy trial while the State strengthens its case.” Id. at 475.
Significantly, the concern expressed in Agee does not apply in a nolle-pros-by-amendment case, as demonstrated here. Because Pereira was facing charges continuously upon the State’s filing of its original Information, Pereira was able to file his Notice of Expiration pursuant to the speedy trial rule, have a timely hearing upon notice pursuant to the rule, and have a trial date set within the recapture period provided by the rule. For this reason alone, we question whether the holding of Agee should have any application in a nolle-pros-by-amendment case.
Building on Agee, however, our court in State v. Clifton, 905 So.2d 172 (Fla. 5th DCA 2005), appears to suggest that Agee can apply in a nolle-pros-by-amendment case where the amendment constitutes “an abandonment or cessation of the prosecution previously initiated” by the state. Id. at 178. The Clifton panel found no abandonment in that case because the Amended Information repeated four charges contained in the original Information, and was filed solely to add an additional charge. Pereira argues that Clifton requires discharge in this case (based upon Agee) because the State “abandoned” the original charges and ceased its prosecution of those charges when it agreed to resolve the case by plea to a completely different charge. We reject this argument because it overlooks another critical distinguishing fact. Because Clifton involved a unilateral decision by the state to amend its Information, the panel in that case correctly focused solely on the state’s action in doing so. In our case, the Amended Information was filed pursuant to a bilateral compromise in which Pereira agreed to waive his right to trial altogether to resolve his case with a conviction. Even if we were to characterize the State’s amendment pursuant to a bilateral agreement as an abandonment of the original charges, then, in fairness, we would also characterize Pereira’s assent as a waiver of any right to object to the refiling of the original charges in the event that the plea agreement did not result in the contemplated final judgment of conviction.[1] As such, we distinguish Clifton and hold that when an amended information is filed by bilateral agreement to effectuate a plea, and that plea ends up not resolving the case through no fault of the state, Agee does not bar the state from refiling the original charges within the recapture period.[2]
*948 Pereira also argues that another line of cases originating with State v. Williams, 791 So.2d 1088, 1091 (Fla.2001), supports the trial court’s order. Williams interpreted the speedy trial rule as prohibiting the state from filing charges based upon facts giving rise to an arrest more than 175 days following the arrest. As explained in State v. D.A., 939 So.2d 149 (Fla. 5th DCA 2006), review dismissed, 991 So.2d 388 (Fla.2008), Williams has been interpreted to mean that “where the defendant has not waived the procedural 'rights’ created by Florida’s speedy trial rule, and the state files an amended information after expiration of the speedy trial period, upon proper motion the court must dismiss any new charge arising from the same criminal episode as the one charged in the original information.” Id. at 151 (emphasis added). As correctly argued by the State, this rule did not bar the State from filing its Second Amended Information during the recapture period because the two lewd and lascivious battery crimes charged in the Second Amended Information were not “new.” The charges were identical to the initial charges filed only twenty days after Pereira’s arrest and pending during most of the 175-day speedy trial period. They were pending 129 days after Pereira’s arrest, when he and the State announced that they were ready for trial on the charges; and, they were pending until 146 days after Pereira’s arrest, when the parties appeared before the court with an agreement for Pereira to plea to a less serious crime. We see nothing in the Williams line of cases, the plain language of rule 3.191 or the spirit of the speedy trial rule that would bar the State from refiling the lewd and lascivious battery counts so that the parties could proceed to trial during the recapture period on the charges pending during both parties’ trial preparations.
Finally, we note that the State alternatively argues that if Williams did bar it from refiling the original charges, it should have at least been allowed to proceed to trial on the child abuse charge contained in the Amended Information. Having determined that the trial court should not have dismissed the Second Amended Information, we do not address this alternative argument.
Based on the forgoing, we reverse the order of the trial court discharging Pereira and return the parties to the position they held prior to dismissal of the Second Amended Information. On remand, we direct the State to bring Pereira to trial on the Second Amended Information within five days of issuance of the mandate.
REVERSED AND REMANDED WITH DIRECTIONS.
PALMER and BERGER, JJ., concur.

. As previously mentioned, the holding in Agee was fashioned to address the Supreme Court's concern that the state should not be allowed "to unilaterally toll the running of the speedy trial period by entering a nol pros.” Agee, 622 So.2d at 475 (emphasis added).

. Although this holding accepts and distinguishes the conclusion in Clifton that Agee can apply in some nolle-pros-by-amendment cases (where the amendment constitutes an abandonment of the prior prosecution), we also note that this conclusion could also be viewed as dicta because the panel in Clifton ultimately concluded that Agee did not bar *948 prosecution of the charges restated in that Amended Information.