# Third District Court of Appeal

## State of Florida

Opinion filed April 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-0352
Lower Tribunal No. 06-18561 BC
_____

**Arthur Lee Wallace and Shakyna Danaya Thomas,**
Petitioners,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Herbert Erving Walker III, for petitioners.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas and Michael W. Mervine, Assistant Attorneys General, for respondent.


Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

Shakyna Danaya Thomas ("Thomas") and Arthur Lee Wallace ("Wallace"),

who are husband and wife, seek a writ of prohibition to prevent further prosecution of the charges against them in this case. Thomas contends that continuation of the prosecution of the charges against her violates her right to a speedy trial pursuant to Florida Rule of Criminal Procedure 3.191, and Wallace contends that further prosecution of him for the offense of accessory after the fact is in violation of the same speedy trial rule and is additionally barred by the statute of limitations under section 775.15(2)(b), Florida Statutes (2006). As will be discussed below, both of the defendants' claims are without merit, and thus, we deny the petition.

## PROCEDURAL HISTORY

On March 14, 2007, Thomas was arrested pursuant to an arrest warrant dated July 26, 2006, for two counts of first degree murder committed on or about June 6, 2006. Pending review by the Grand Jury, the State filed an information on March 30, 2007, charging Thomas with two counts of second degree murder, one count of armed home invasion robbery, one count of accessory after the fact to murder and home invasion robbery. The March 30, 2007 information also charged Parley Jay Paskett ("Paskett") with various charges.

On May 22, 2007, the State filed an indictment charging Paskett with two counts of first degree murder, one count of armed home invasion robbery, and one count of possession of a firearm by a convicted felon. This indictment also charged Thomas only with accessory after the fact to murder and/or home invasion

2

robbery.

On August 20, 2007, well within the speedy trial period, Thomas was granted a defense continuance, thereby waiving her right to a speedy trial. See Fla. R. Crim P. 3.191(j)(2) (providing that a defendant waives his or her right to a speedy trial by being unavailable for trial or by taking actions that render the failure to hold a trial attributable to the accused); State ex rel. Butler v. Cullen, 253 So. 2d 861, 863 (Fla. 1971) (holding that when a defense continuance is granted, the time limitations under the speedy trial rule are no longer applicable).

On September 17, 2008, an amended or superseding indictment was filed maintaining the charges filed on May 22, 2007 against Thomas and Paskett, but adding Wallace and charging him with accessory after the fact to murder and/or home invasion robbery. Wallace was granted a defense continuance on January 26, 2009, well before the April 9, 2009, 175-day speedy period, thereby waiving his right to a speedy trial.

Over the next several years, Thomas and Wallace were granted numerous defense continuances.[1] The delay and continuances were based, in part, on the

---

[1] Thomas

Since her initial continuance and waiver of her right to a speedy trial, Thomas was granted eleven additional continuances: December 3, 2007; August 11, 2008; January 6, 2009; January 20, 2010; June 3, 2010; October 19, 2010; February 10, 2011; August 25, 2011; April 5, 2012; May 31, 2012; January 15, 2015.

Wallace

Since his initial continuance on January 26, 2009, Wallace was granted nine

parties' agreement to allow the State to try Paskett first because the State was seeking the death penalty as to Paskett. However, on January 26, 2015, just prior to the scheduled trial, Paskett entered into a negotiated plea with the State wherein he agreed to cooperate with the State and provide truthful testimony against Thomas and Wallace. After Paskett was debriefed by the State, the State sought and obtained a superseding indictment against Thomas upgrading the charges against her from accessory after the fact to two counts of first degree murder and one count of armed home invasion robbery. The State did not seek additional charges against Wallace and he remains charged with accessory after the fact to murder and/or home invasion robbery under the September 17, 2008 indictment.

On December 2, 2015, Thomas filed a motion to dismiss the charges against her for violation of the speedy trial rule, and Wallace filed a motion to dismiss the sole charge filed against him based on a violation of the speedy trial rule and the statute of limitations. On January 8, 2016, the trial court entered an order denying Thomas' motion to dismiss, and on January 11, 2016, the trial court entered an amended order again denying Thomas' motion to dismiss and a separate order denying Wallace's motion to dismiss. The January 11, 2016 orders are the basis of the petition for writ of prohibition before this Court.

---

additional defense continuances: January 20, 2010; June 3, 2010; October 19, 2010; February 10, 2011; August 25, 2011; April 5, 2012; May 31, 2012; January 15, 2015; April 17, 2015.

# ANALYSIS

## I. The Speedy Trial Issue

Both Thomas and Wallace contend that the continuation of the prosecution of the charges against them violates their rights to a speedy trial. Their arguments on this issue are meritless.

Florida Rule of Criminal Procedure 3.191(a) provides that all defendants are entitled to be brought to trial within 175 days of arrest without demanding the right to a speedy trial if the crime charged is a felony. The 175-day period begins to run when the defendant is taken into custody. See Fla. R. Crim. P. 3.191(a), (d). The State may file charges against a defendant at any time during the speedy trial period. See State v. Naveira, 873 So. 2d 300, 305 (Fla. 2004). However, a defendant waives his or her right to a speedy trial by being unavailable for trial or by taking actions that render the failure to hold a trial attributable to the accused or his or her counsel. See Fla. R. Crim. P. 3.191(j)(2); State v. Guzman, 697 So. 2d 1263, 1264 (Fla. 3d DCA 1997) (holding that "a successful defense motion for continuance waives the right to discharge under the speedy trial rule").

A speedy trial waiver is an ongoing waiver. It applies to newly filed charges that arise from the same incident. See State v. Nelson, 26 So. 3d 570, 576 (Fla. 2010) ("This waiver is construed as an ongoing waiver of speedy trial rights as to *all charges* which emanate from the same criminal episode, including any newly

5

filed charges arising out of the incident."). After waiving the right to a speedy trial, the defendant must take affirmative action to restart the clock for a speedy trial by filing a "Demand for Speedy Trial." See Fla. R. Crim. P. 3.191(b).

If a defendant has not waived his speedy trial rights and he or she has not been charged or tried within the applicable speedy trial period (175 days of arrest for a felony, which is sometimes referred to as the "default period," see Nelson, 26 So. 3d at 575), he or she is not automatically entitled to a discharge of the charges. If a defendant has not waived his speedy trial rights and he has not been charged or tried within the speedy trial period, the defendant must take affirmative action once the speedy trial period has expired (on or after 175 days of arrest for a felony) by filing a notice of expiration of speedy trial. Id. (holding that the speedy trial rule is not self-executing and requires a defendant to take affirmative action to avail him or herself of the remedies afforded under the rule by filing a "Notice of Expiration of Speedy Trial Time"); State v. Gibson, 783 So. 2d 1155, 1158 (Fla. 5th DCA 2001) ("Pursuant to the provisions of rule 3.191(a), if an individual charged with a felony is not brought to trial within 175 days of the date he or she is taken into custody, the remedy of discharge provided in rule 3.191(p) may be invoked by filing a notice of expiration of the 175-day time limit pursuant to rule 3.191(h)."). This notice "invokes the defendant's speedy trial rights and triggers the recapture window, which is an additional ten-day period for the State to bring the defendant

to trial after the default speedy trial period expires." <u>Nelson</u>, 26 So. 3d at 576; <u>see also</u> Fla. R. Crim. P. 3191(a), (p)(2)-(3).

The record reflects that Thomas was arrested on March 14, 2007, charged on March 30, 2007, and was granted a defense continuance on August 20, 2007, thereby waiving her right to a speedy trial prior to expiration of the 175-day default speedy trial period, which was on September 5, 2007. She has never filed a Demand for Speedy Trial, seeking a speedy trial after her initial waiver. Instead, she sought, and obtained, eleven additional continuances, thereby indicating that she was not ready and available for trial.

Wallace was charged on September 17, 2008, and subsequently arrested on October 16, 2008. Wallace was granted a defense continuance on January 26, 2009, thereby waiving his right to a speedy trial prior to the expiration of the 175-day default speedy trial period, which was on April 9, 2009. He has never filed a Demand For Speedy Trial seeking a speedy trial after his waiver and has, instead, obtained nine additional defense continuances.

It is thus clear that neither Thomas' nor Wallace's right to a speedy trial has been violated. The defendants' reliance on <u>State v. Agee</u>, 622 So. 2d 473 (Fla. 1993); <u>Gendon v. Fuller</u>, 648 So. 2d 1183 (Fla. 1994); <u>Reed v. State</u>, 649 So. 2d 227 (Fla. 1995); and <u>State v. Williams</u>, 791 So. 2d 1088 (Fla. 2001), is misplaced. In each of those cases the State either did not file charges within the speedy trial

period or, after filing charges, it voluntarily terminated the prosecution **prior to a waiver by the defendant of his right to a speedy trial** and then refiled charges after the speedy trial period had run. As the Fifth District Court of Appeal stated in State v. Clifton, 905 So. 2d 172 (Fla. 5th DCA 2005), when it addressed the Florida Supreme Court's decisions in Agee, Gendon, and Williams:

> [T]he State may not circumvent the purpose and intent of the speedy trial rule by: 1) entering a nolle prosequi of the charges and waiting to refile them until after the speedy trial period has expired; 2) voluntarily dismissing the charges before they are formally filed and filing formal charges after the time limit has expired; or 3) taking no action after the defendant is arrested and waiting until after the speedy trial period has expired to file formal charges. In these instances, the state has essentially abandoned the prosecution and the recapture provisions of the rule do not apply, with the result that the defendant must be discharged.

Clifton, 905 So. 2d at 176.

There is no circumvention of the purpose or intent of the speedy trial rule when the State files charges within the speedy trial time limits and the State files an amended information or a superseding indictment because there is no interruption in, or cessation of, the prosecution, and with the amended information or superseding indictment the defendant maintains the ability to invoke the speedy trial rule by filing a notice of expiration of the speedy trial period if the defendant did not previously waive his right to a speedy trial. See Clifton, 905 So. 2d at 177 (noting that "[t]he filing of an amended information differs significantly from a nolle prosequi, an announcement of 'no action,' and doing nothing to initiate

prosecution because . . . there is no interruption in, or cessation of, the prosecution . . . [and] the defendant maintains the ability to invoke the speedy trial rule"). Dismissal of the charges without the requirement of filing a notice of expiration of the speedy trial period is only available to a defendant when an amended information or a superseding indictment is filed after the speedy trial period has expired and the defendant **has not previously waived his right to a speedy trial**. Clifton, 905 So. 2d at 178.

Because the State charged Thomas and Wallace within the speedy trial period, Thomas waived her right to a speedy trial prior to the filing of the superseding indictments filed against her, and Wallace waived his right to a speedy trial within the speedy trial period and the charges against him have never been amended against him, Nelson applies, not Agee, Gendon, or Williams. In Nelson, the Florida Supreme Court unequivocally held that a pre-expiration continuance operates as a waiver of a defendant's speedy trial rights as to all charges emanating from the same criminal episode, including any newly filed charges arising out of that criminal episode. Nelson, 26 So. 3d at 576-77.

We, therefore, conclude that the trial court correctly denied both defendants' motions to dismiss the charges against them based on a violation of the speedy trial rule.

## II. The Statute of Limitations Issue

9

The statute of limitations argument applies only to Wallace. Thomas has not alleged that the statute of limitations bars the prosecution of the charges against her. Wallace was charged with accessory after the fact by indictment on September 17, 2008. The charge against Wallace has not been changed or amended since he was charged on September 17, 2008. Wallace, however, argues that because a superseding indictment was filed against **Thomas** on March 11, 2015, the superseding indictment upgrading the charges against Thomas, without also recharging Wallace, acts as a nolle prosse of the charge against Wallace. He further contends that if we treat the superseding indictment against Thomas as a nolle prosse of the charge against Wallace, then the three-year statute of limitations for accessory after the fact has now expired, and the State is forever barred from prosecuting Wallace. Under the facts of this case, we do not agree.

Although two or more defendants may be charged in the same information or indictment, there is no requirement to do so. See Fla. R. Crim. P. 3.150(b). And while "the filing of an information [or indictment] purporting to be a complete restatement of the charges supersedes and vitiates an earlier information [or indictment]," see State v. Anderson, 537 So. 2d 1373 (Fla. 1989), the March 11, 2015 indictment upgrading the charges against Thomas did not "purport to be a restatement of the charges" against Wallace.

The March 11, 2015 superseding indictment upgrading the charges against

Thomas clearly specifies that it pertains only to the "B" defendant, which is Thomas, and the indictment only includes Thomas' case number. Wallace's circuit court case number is 13-2006-CF-018561-**C**00-xx (emphasis added), which means that Wallace's case was originally filed in Division 13, and it is a 2006 criminal felony case assigned with a case number of 018561C, meaning that he is the "C" defendant charged under that case number. The case number is generally stated as F06-18561C. Thomas' circuit court case number is 13-2006-CF-018561-**B**00-xx (emphasis added), which means that her case was originally filed in Division 13, and it is a 2006 criminal felony case assigned with a case number of 018561B, meaning that she is the "B" defendant charged under that case number. Thomas' case number is generally referred to as F06-18561B.

The heading of the March 11, 2015 indictment pertains only to "F06-18561B" and it identifies the defendant being charged in that indictment as "(B) SHAKYNA DANAYA THOMAS, Defendant." The interoffice memorandum filled out by the Assistant State Attorney, and which accompanied the indictment submitted to the Grand Jury for consideration, also only lists Thomas and case number F06-18561B.

We agree with Wallace that when charges are dismissed against an accused, the State may refile the same charges unless prevented from doing so by a statute of limitations and that if the charge against Wallace (accessory after the fact) was

11

nolle prossed or dismissed by the State in 2015, the State could not refile the accessory after the fact charge against him because the three-year statute of limitations has run on that charge. However, neither of those situations have occurred in this case. The State has never announced a nolle prosse of the charges against Wallace, the trial court has not dismissed the charges against Wallace, and the superseding indictment sought and obtained against the "B" defendant (Thomas) did not "purport" to be a restatement of the charges against anyone except for the "B" defendant, Thomas. Thus, the March 11, 2015 indictment had no effect on the charges pending against Wallace, the "C" defendant, or for that matter Paskett, the "A" defendant, who has already pled guilty to the charges the State brought against him in the September 17, 2008 indictment.

## CONCLUSION

Because the trial court correctly denied the motions to dismiss the charges against Wallace and Thomas on speedy trial grounds and the motion to dismiss the charge against Wallace based on the argument that it is barred by the statute of limitations, we deny the petition for writ of prohibition.

Petition denied.

12