478 F.Supp. 514 (1979)
UNITED STATES of America, Plaintiff,
v.
Fred D. KELLEY, aka "Nook" Kelley, Defendant.
No. S1-79-111CR(2).
United States District Court, E. D. Missouri, E. D.
October 26, 1979.
David M. Rosen, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for plaintiff.
Frederick H. Mayer, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., Albert C. Lowes, Jackson, Mo., for defendant.

*515 MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendant's motions to dismiss the indictment due to pre-indictment delay and the statute of limitations. These motions will be dealt with seriatim.
Defendant has been indicted for violations of 18 U.S.C. § 1951(b)(3) and 29 U.S.C. § 186(a). These violations arose in connection with concrete allegedly extorted by defendant, business agent for Labors Local 282 in Cape Girardeau, Missouri, from a construction company by which his union was employed. This concrete was allegedly used by defendant to build a road on his property. The alleged violations occurred between September 20, 1973 and November 14, 1974. Defendant was not indicted until August 9, 1979.[1]
Defendant claims that this delay prejudiced him in two ways. Defendant initially claims that four persons who assisted him in pouring the concrete for the road, and a neighbor who observed the improvements, would have been able to testify as to when and by whom the concrete was delivered but died prior to the indictment. Significantly though, defendant admitted that others also assisted or observed and are now available to testify.
Defendant also asserts the inability of the government to locate a 1974 job diary of McCarthy Brothers Construction Company, which is allegedly the only written record of the dates on which defendant received concrete from McCarthy Brothers. Defendant has apparently not attempted to locate this record on his own. Furthermore, there is no claim that this record is the only method to prove the dates of delivery.
The Supreme Court has pointed out that the statute of limitations is the primary protection to criminal defendants from harm caused by pre-indictment delay. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Assuming the statute of limitations does not bar this suit, defendant has not shown sufficient prejudice to call into play the overriding concerns of the Due Process Clause of the Fifth Amendment.
Furthermore, it appears that there are justifiable reasons on the government's part for the delay. Prejudice to the defendant is a necessary but not sufficient condition to the dismissal of an indictment due to pre-indictment delay; the court must also look at the reasons for the delay. Lovasco, supra.
The government's investigator testified that the investigation into the present charges did not begin until about fifteen months ago. That investigation continued up until the time of the indictment. Though attention may have shifted to related charges during the course of this investigation, the investigation into these charges never ceased. Under these circumstances, it is clear that the delay was not caused by the government in an attempt to obtain a tactical advantage, Marion, supra, nor in reckless disregard of defendant's rights. Lovasco, supra, 431 U.S. at 795, n. 17, 97 S.Ct. 2044. Therefore, defendant's motion to dismiss due to pre-indictment delay will be denied.
Defendant also moves to dismiss the indictment due to the statute of limitations. A similar motion was denied by this Court on September 14, 1979. Since that time, the government has filed a superseding indictment which defendant claims does not relate back to the date of the original indictment.
The superseding indictment was filed to correct a jurisdictional deficiency in the original indictment. The allegation was added in Count II that the union members of Local 282 were engaged in interstate commerce. Also changed slightly was the wording of the first count, so that defendant was alleged to have obtained concrete meant for the "aforementioned projects" rather than the "Student Union Building" at Southeast Missouri State University. *516 This change had the effect of including the St. Francis Hospital within "the aforementioned projects".
This Court is of the opinion that these changes do not broaden or substantially amend the original indictment. The events in question are identical, as are the offenses charged. As such, the superseding indictment relates back to the filing of the original indictment. United States v. Grady, 544 F.2d 598 (2d Cir. 1976). Therefore, this indictment is not barred by the statute of limitations, Order of September 14, 1979, and defendant's motion to dismiss on that ground will be denied.
NOTES
[1] A superseding indictment, which will be discussed shortly, was filed on October 4, 1979.