JOANOS, Judge.
Robert David Domberg, Jr. petitions this court for a writ of prohibition to bar criminal prosecution for kidnapping, asserting that the statute of limitations had expired.
By indictment dated March 2, 1983, it was alleged in Count III that Domberg had committed the offense of kidnapping on March 14, 1979. An “amended indictment” was returned on April 2, 1983, alleging verbatim the same kidnapping, under the same count. Amendments to the indictment entailed the addition of another de *120 fendant on Counts I, II and IV. No new charges were made against Domberg.
Section 775.15(2), Florida Statutes (1981), requires that prosecution be commenced within four years. Since the amended indictment was returned more than four years from the date of the alleged kidnapping, we must determine if the amended indictment was sufficiently linked to the first indictment so as to show a continuation of the same prosecution. Mead v. State, 101 So.2d 373 (Fla.1958).
Since the crime at issue here was alleged in the two indictments in identical language, the notation “amended indictment” was sufficient linkage to indicate that the State was pursuing the same prosecution against Domberg begun by the initial indictment. See Rubin v. State, 390 So.2d 322 (Fla.1980).
Accordingly, Domberg’s petition for writ of prohibition is DENIED and the previously issued order to show cause is DISCHARGED.
MILLS and WIGGINTON, JJ., concur.