453 So.2d 905 (1984)
STATE of Florida, Appellant,
v.
Robert A. GAROFALO, Appellee.
No. 83-1146.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellee.
HURLEY, Judge.
The State appeals from an order dismissing an information. We reverse on the authority of Rubin v. State, 390 So.2d 322 (Fla. 1980).
*906 In 1978 the state filed an information charging the defendant with grand theft by fraud. This information was labeled "78-3887 CF." American Totalizer Company was listed as the victim of the fraud. In 1983 the state filed a second information against the defendant. The second information contained identical allegations as those set forth in the first except that the second information named Gulfstream Park Racing Association as the victim of the fraud. The state labeled the new information with the notation "refile case number 78-3887 CF." Shortly after filing the second information the state dismissed case number 78-3887 CF. Appellee pled not guilty to the second information and filed a motion to dismiss, asserting that the statute of limitations, Section 775.15(2)(b), Florida Statutes (1983), barred prosecution for the crime charged. The trial court found that the second information named an entirely different victim from that asserted in the original information and granted the defendant's motion to dismiss.
In Rubin, supra, the defendant was first charged with grand larceny by information assigned Case No. 77-4257. The State later filed another information containing the notation "Refile of Case No. 77-4257," charging in almost identical language the same crimes as were charged in the original information. The only change in the second information was the modification of the corporate victim's name from Riverside Memorial Chapel, Inc., a subsidiary of Service Corporation International to Riverside Memorial Chapel, Alton Road, Inc., a Subsidiary of Service Corporation International. The Supreme Court in Rubin held that the second information was not barred by the statute of limitations because the language "Refile of Case No. 77-4257" contained on the second information was sufficient to link it to the first information so as to evidence a continuation of the same prosecution. In so holding, it observed that the second information did not change the crime, but only corrected a minor inaccuracy in the victim corporation's title.
We reach a like result in the instant case because the second information was based on the same incident giving rise to the original information and did not change the crime charged. We recognize that this case differs from Rubin in that the second information names a different victim, as opposed to merely correcting an inaccuracy in the title of the originally named victim, but we do not believe this is a significant distinction.
The sole purpose of a statute of limitations in the criminal context is to prevent the State from hampering defense preparation by delaying prosecution until a point in time when its evidence is stale and defense witnesses have died, disappeared or otherwise become unavailable. See State v. Hickman, 189 So.2d 254 (Fla. 2d DCA 1966). Since one who has been squarely put on notice of criminal activities with which he is charged is in a position to begin preparation of a defense on those charges, courts have traditionally held that a valid indictment tolls the statute of limitations, and that return of a superceding indictment prior to the dismissal of the original indictment does not violate the statute of limitations if the superceding indictment does not substantially alter the charge. See United States v. Friedman, 649 F.2d 199 (3d Cir.1981); United States v. Grady, 544 F.2d 598 (2d Cir.1976); United States v. Wilsey, 458 F.2d 11 (9th Cir.1972) (changing alleged date of offense); see also Rubin, supra; DiStefano v. Langston, 274 So.2d 533 (Fla. 1973); Domberg v. State, 443 So.2d 119 (Fla. 1st DCA 1983); Harris v. State, 229 So.2d 670 (Fla. 3d DCA 1969), cert. denied 237 So.2d 752 (Fla. 1970); State v. Adjmi, 170 So.2d 340 (Fla. 3d DCA 1964).
In this case, we do not believe that the substitution of the name of the true victim in the second information amounts to such a substantial alteration, and, therefore, conclude that the limitation period was tolled by the filing of the original information. The defendant was put on notice within the statutory time period as to the criminal activity with which he was charged, and the superceding information *907 did not make any substantive changes which would unreasonably prejudice the preparation of his defense. Cf. United States v. Drucker, 453 F. Supp. 741 (S.D.N.Y. 1978), aff'd, 591 F.2d 1332 (2d Cir.1978), cert. denied, 440 U.S. 963, 99 S.Ct. 1510, 59 L.Ed.2d 778 (1979); United States v. Kelley, 478 F. Supp. 514 (E.D.Mo. 1979) (statute tolled by original indictment where superceding indictment added facts to cure jurisdictional deficiency and slightly changed description of buildings affected by extortion scheme); Palmer v. State, 4 Tenn. Crim. App. 629, 475 S.W.2d 189 (1971) (superceding indictment corrected misspelling of victim's name); Ex parte Davis, 13 Cal. App.2d 109, 56 P.2d 302 (1936) (changing dates of alleged offenses).
Accordingly, we reverse the order of dismissal and remand this cause for trial.
REVERSED AND REMANDED.
DOWNEY, J. concurs.
DELL, J., dissents with opinion.
DELL, Judge, dissenting.
I respectfully dissent.
The Rubin court deemed the notation "Refile of Case No. 77-4257" on the second information a sufficient link with the first information to construe it as a continuation of the same prosecution. However, in Rubin the second information did not name a different victim but rather only made a technical correction of the corporate name of the same victim identified in the original information.
In my opinion, where a second information names an entirely different victim, it charges a different crime. If the state had tried this case on the first information and the jury had exonerated the defendant within the applicable statute of limitations, double jeopardy would not have prevented the state from prosecuting the crime charged in the second information. Le Rea v. Cochran, 115 So.2d 545 (Fla. 1959), cert. den. 362 U.S. 946, 80 S.Ct. 867, 4 L.Ed.2d 865; T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978). Therefore, I do not believe that the supreme court intended the mere notation "refile" to constitute a continuation of the prior case if the new information names an entirely different victim. I would affirm the order of dismissal.