474 So.2d 408 (1985)
STATE of Florida, Appellant,
v.
In the Interest of D.I., Appellee.
No. 84-2642.
District Court of Appeal of Florida, Fourth District.
August 21, 1985.
*409 Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellant.
Jon H. Gutmacher, Fort Lauderdale, for appellee.
PER CURIAM.
The state appeals from an order dismissing a petition for adjudication of delinquency. We reverse on the authority of State v. Garofalo, 453 So.2d 905 (Fla. 4th DCA 1984).
The state filed a petition for adjudication of delinquency which charged the juvenile with petty theft from a Winn Dixie store. After realizing that the petition listed the wrong victim, the state re-filed the petition, this time correctly listing the victim as Shopper's Drug Mart. Under section 39.05(6), Florida Statutes (1983), the state has forty-five days (from custody) within which it must file a delinquency petition. Whereas the initial defective petition was filed within that time period, the second petition was filed after expiration of the forty-five day period. Consequently, the lower court dismissed the petition.
In Garofalo, supra, we held that the substitution of the name of the true victim in a second information neither substantially altered the first information nor hampered the defendant's ability to prepare a competent defense. Thus we concluded that the relevant statutory limitation period was tolled by the filing of the original charge. Garofalo, 453 So.2d at 906. See also D.C.W. v. State, 445 So.2d 333 (Fla. 1984); Rubin v. State, 390 So.2d 322 (Fla. 1980).
In the case sub judice, although defective, the initial petition nevertheless put the juvenile on notice of the offense for which he was being charged. Consequently, he was able to prepare a competent defense. Moreover, we find that the second petition did not substantially alter the charge.
Accordingly, we reverse the order of dismissal and remand for further proceedings not inconsistent with this opinion.
GLICKSTEIN, HURLEY and WALDEN, JJ., concur.