614 So.2d 632 (1993)
Robert CHEFFER and Gisela Cheffer, Petitioners,
v.
JUDGE, DIVISION `S', 15TH JUDICIAL CIRCUIT, Respondent.
No. 92-2974.
District Court of Appeal of Florida, Fourth District.
February 24, 1993.
Donnie Murrell of Law Office of L.D. Murrell and J. Ralph Mabie of Mabie & Mabie, West Palm Beach, for petitioners.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioners seek to prohibit their further prosecution for violation of section 895.05(3), Florida Statutes (1991), known as Florida RICO. They claim that the second amended information filed against them is barred by the statute of limitations. The trial court denied their motion to dismiss, holding that the amended information was a continuation of the prior information and not an abandonment of it, as the only crime charged was a single count of racketeering. We agree and deny the petition.
Petitioners were first charged by a one count information accusing them of RICO violations, with four predicate acts alleged of violations of Chapter 893 (regarding drug offenses) taking place from May 1, 1985, through March 18, 1986. The information *633 was filed on March 4, 1991. An amended information was filed adding a codefendant on May 15, 1991. A second amended information was filed on July 3, 1991, this time adding a fifth predicate act to the count alleging racketeering. The new predicate act alleged that between January 1, 1980, and January 1, 1986, petitioners engaged in a conspiracy to traffic in marijuana.
Petitioners challenged the last amendment to the information by claiming that it was not a continuation of the first. Therefore, it was in essence a new prosecution and thus filed beyond the five year racketeering statute of limitations. § 895.05(10), Fla. Stat. (1990). They also claimed that the RICO prosecution could not be based on predicate acts barred from prosecution by the statute of limitations. Before the motion was heard, the state filed a third amended information using the identical language from the second but affirmatively stating that it was a continuation of the prosecution commenced on March 4, 1991. The trial court denied the motion to dismiss.
In each of the amendments to the original information in this case, the language of the original information was continued. The second amended information added an additional predicate act, and the third information included express linking language. Under such circumstances, we agree with the trial court's reliance on Rubin v. State, 390 So.2d 322 (Fla. 1980). The inclusion of an additional predicate act in no way changes the crime charged. It merely expands the scope of the enterprise, but it is the same enterprise conducting a continuing pattern of racketeering activity. Of course, it will be the state's burden to prove that each of the predicate acts relate to the same pattern of racketeering activity.
Petitioners also claim that they cannot be prosecuted for predicate acts which are all individually barred from prosecution by the statute of limitations. In the instant case, the predicate acts all involve trafficking in illegal drugs, each having a four year statute of limitations. However, violation of the racketeering act requires more than mere proof of each individual criminal act. The state must show the existence of the enterprise and the defendants' involvement in it through a pattern of racketeering activity. The legislature expressly provided a five year limitation for such prosecution. § 895.05(10), Fla. Stat. Thus, petitioners' argument is unavailing.
Based on the foregoing, we deny the petition for writ of prohibition.
LETTS and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.