932 So.2d 618 (2006)
William PONTIUS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-437.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
*619 William Pontius, Polk City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for respondent.
FARMER, J.
Defendant is charged with a failure to redeliver leased property over $300. He seeks a writ of prohibition on the basis that the trial court lacks jurisdiction because the statute of limitations on the offense has run. Prohibition is a proper method to bring this type of challenge. Cheffer v. Judge, Div. `S', 15th Judicial Circuit, 614 So.2d 632 (Fla. 4th DCA 1993). Because the lower court refused to consider his challenge, we remand for further proceedings.
The Information charges that the offense was committed in September 2000. Although the State filed the Information and caused a capias to be issued, the capias had not been executed by the time Defendant filed his motion to dismiss. In that motion, he argued that the 5-year statute of limitations had expired. § 812.035(10), Fla. Stat. (2005). He added that he has been continuously in the custody at the county jail or the Department of Corrections on other charges since November 7, 2000.
The trial court struck the motion to dismiss, concluding that: "The decision about when and if the matter will be prosecuted is within the purview of the Office of the State Attorney. Until arrested, the matter is not properly before the Court, and thus, the Defendant is not entitled to relief." We disagree with the trial court's analysis.
The trial court acquired jurisdiction over this case when the State filed the Information. See Allen v. State, 463 So.2d 351, 360 (Fla. 1st DCA 1985) (explaining that the "jurisdiction of a circuit court in a criminal case is invoked by filing an information" and that jurisdiction is to be ascertained from the "face of the information"). Rule 3.190(b) permits the defendant to raise a defense to a charge, such as expiration of a statute of limitations, by motion to dismiss the information. See Akers v. State, 370 So.2d 81 (Fla. 1st DCA 1979) (holding that defendant's 3.190(b) motion should have been granted because the face of the information showed "that the crime charged was barred by the statute of limitations"). Rule 3.190 also provides that defendant should file a motion to dismiss either before or at arraignment. Fla. R.Crim. P. 3.190(c).
With defendant's challenge, the burden rested on the State to demonstrate that the prosecution was not barred by the statute of limitations. State v. King, 282 So.2d 162, 164 (Fla.1973). The State's response was to argue that until he is formally arrested on the charge, defendant will have to wait until he is released from his sentences on other offenses before he *620 can raise his statute of limitations challenge to his prosecution in this case.
The State did not carry its burden. Defendant has been formally charged in the circuit court with a crime. He has the right under rule 3.190 before arraignment to seek dismissal of the charges on the grounds that they are time barred. There is nothing in the statutes or rules requiring him to wait until he is formally arrested to seek dismissal of untimely charges. On remand the trial court shall hear and determine petitioner's motion on the merits.
Petition Granted.
GUNTHER and POLEN, JJ., concur.