PER CURIAM.
Juan Matos has filed a petition for writ of prohibition arguing that the trial court is without jurisdiction to proceed because the statute of limitations has expired. Prohibition is a proper method to bring this type of challenge. Pontius v. State, 932 So.2d 618 (Fla. 4th DCA 2006) (citing Cheffer v. Judge, Div. ‘S’, 15th Judicial Circuit, 614 So.2d 632 (Fla. 4th DCA 1993)). We grant the petition and direct the dismissal of the charges.
This is not a case like those relied on by the trial court and the State which involved the State’s filing of an amended information. See, e.g., Rubin v. State, 390 So.2d 322 (Fla.1980); State v. Garofalo, 453 So.2d 905 (Fla. 4th DCA 1984). Here, the State filed a nolle prosequi after the statute of limitations had expired. A nolle prosequi effectively ends the proceeding and any subsequent action is a nullity. See, e.g., State v. Vazquez, 450 So.2d 203, 204 (Fla.1984) (nolle prosequi amounts to nullification of information and renders nugatory any proceedings carried on subsequently under same information); Pur *1078 chase v. State, 866 So.2d 208 (Fla. 4th DCA 2004); see also Sadler v. State, 949 So.2d 303 (Fla. 5th DCA 2007). Though the State immediately refiled the information addressed to the same charges, it was after the statute of limitations expired. Compare Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988). Consequently, Ma-tos’s motion to dismiss should have been granted. See, e.g., Ball v. Goodman, 249 So.2d 481 (Fla. 3d DCA 1971).

Petition Granted.

SHAHOOD, C.J., STEVENSON and GROSS, JJ., concur.