997 So.2d 460 (2008)
STATE of Florida, Appellant,
v.
Chris BONAWITZ, Appellee.
No. 4D07-3827.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
Rehearing Denied January 23, 2009.
*461 Bill McCollum, Attorney General, Tallahassee, Joseph A. Tringali and Thomas A. Palmer, Assistant Attorneys General, West Palm Beach, for appellant.
Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellee.
STEVENSON, J.
The State of Florida appeals an order dismissing, on statute of limitations grounds, a 2007 information charging defendant, Chris Bonawitz, with an aggravated battery committed in December of 2003. We reverse.
The probable cause affidavit filed in this criminal case alleges that, on December 28, 2003, Chris Mark Bonawitz and two others punched and kicked Joseph Cabrera and that Bonawitz struck Cabrera in the head with a bottle, leaving a 1 ½ inch cut. Consequently, in March of 2004, the State filed an information charging Bonawitz with aggravated battery, alleging he committed the crime by intentionally striking Cabrera with a deadly weapon, i.e., a bottle. On January 3, 2005, the trial court granted the State's oral motion to amend the information so as to allege that Bonawitz committed the crime of aggravated battery by causing Cabrera great bodily harm. The case was set to be tried on June 26, 2006.
The State failed to file the amended information. On the day that trial was to begin, the trial court granted the State a continuance so that it could file an amended information that alleged that Bonawitz caused Cabrera great bodily harm. On June 28, 2006, the State filed a new information and nolle prossed the 2004 case. The new information reflected that it was a re-file of the 2004 case, but it failed to make the intended amendment and continued to allege that Bonawitz committed the crime of aggravated battery by striking Cabrera with a deadly weapon.
On January 3, 2007, the State filed a new information, which was assigned a 2007 case number and which finally alleged that Bonawitz had committed the crime of *462 aggravated battery by causing Cabrera great bodily harm. On January 5, 2007, the State nolle prossed the 2006 case.
On these facts, Bonawitz sought dismissal of the 2007 information, arguing that the second degree felony charged in the information was subject to a three-year statute of limitations; that the crime was committed in December of 2003; and that the 2007 information was not timely filed. The State insisted that the filing of the 2004 and 2006 informations had served to toll the running of the statute of limitations. The trial court granted Bonawitz's motion to dismiss, reasoning that the 2007 information "changed the conduct charged." We disagree.
"`A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges.'" Labrador v. State, No. 3D05-994, ___ So.2d ___, ___, 2007 WL 2316801, at *2 (Fla. 3d DCA Aug. 15, 2007) (quoting United States v. Italiano, 894 F.2d 1280, 1282 (11th Cir.1990)); see also Rubin v. State, 390 So.2d 322, 324 (Fla. 1980) (stating that "[a]n information containing an inaccuracy or imperfection, which is timely filed within the period of limitations, is ... sufficient to toll th[e] statute of limitations" and that "[a] subsequently filed information, which contains language indicating that it is a continuation of the same prosecution, timely commenced will not be considered an abandonment of the first information and therefore will not be barred by the statute of limitations").
Here, the 2006 information, filed within the limitations period, was still pending when the State filed the 2007 information. The December 28, 2003 battery of Cabrera formed the basis for each of the informations and each charged Bonawitz with aggravated battery as a consequence of the striking of Cabrera. Further, as of January 2005, the defendant was on notice that the State was seeking to amend the information from charging aggravated battery as a consequence of striking Cabrera with a deadly weapon to charging aggravated battery as a consequence of causing Cabrera great bodily harm. Under these circumstances, the aggravated battery charged in the 2007 information did not broaden or substantially amend the charges. Cf. State v. Garofalo, 453 So.2d 905, 906-07 (Fla. 4th DCA 1984) (holding that where information charging grand theft by fraud was timely filed and where, after the running of the limitations period, the State filed a second information changing the name of the victim, such information was not subject to dismissal on statute of limitations grounds as "[t]he defendant was put on notice within the statutory time period as to the criminal activity with which he was charged, and the superceding [sic] information did not make any substantive changes which would unreasonably prejudice the preparation of his defense"). The trial court thus erred in dismissing the 2007 information. Accordingly, the order of dismissal is reversed and the instant case is remanded for further proceedings.
Reversed and Remanded.
KLEIN, J., and KELLEY, GLENN D., Associate Judge, concur.