PER CURIAM.
 

 This is an appeal by the State of Florida (“State”) from an order quashing counts one through eight and count twelve of the third amended information filed against Appellees, Edward Traylor and Perry Traylor (collectively “Appellees”), in a prosecution brought by the statewide prosecutor. We affirm in part, reverse in part.
 

 Appellees were indicted in 2008 in connection with a “downpayment assistance” program operated by Individual Freedom Ministries Church (“IFMC”). Appellees either owned or were associated with IFMC. IFMC’s program is alleged to have tricked various lenders into making loans on a number of residential properties located in central Florida, by making the lenders believe buyers had money for a downpayment, when in fact they did not. The “downpayment” supplied by IFMC was added to the purchase price of the various properties, and the total was then represented to the lender to be the purchase price, but at closing the downpayment was distributed back to an IFMC entity by the seller, along with a processing fee. The residential properties involved in the charges were purchased between February 2006 and October 2007.
 

 The State’s second amended information, filed on August 5, 2009, charged Ap-pellees with numerous crimes, including racketeering, conspiracy to commit racketeering, nine counts of grand theft, and nine counts of defrauding a financial institution. The racketeering and conspiracy charges were based on nineteen separate instances of grand theft pertaining to mortgage fraud, i.e., involving properties located at nineteen separate addresses. The charges of grand theft and defrauding a financial institution, based on a false statement in violation of section 655.0322(5), Florida Statutes (2005), stemmed from mortgages obtained for nine of the properties.
 

 Following a jury trial, the lower court granted a judgment of acquittal on the charges of racketeering, conspiracy to
 
 *226
 
 commit racketeering, and grand theft. Nine counts of defrauding a financial institution (counts twelve through twenty), based on section 655.0322(5), were left pending. The trial court eventually declared a mistrial on these counts after the jury deadlocked on a verdict.
 

 Trial on the remaining counts was reset for February 16, 2010. On January 15, 2010, however, the State filed a third amended information, which charged Ap-pellees with one count of aggravated white-collar crime, in violation of section 775.0844, Florida Statutes (2005), a first-degree felony (count one), and eleven counts of defrauding a financial institution. A number of these offenses were linked to offenses outlined in the earlier information, as many involved the same mortgage loans which served as the basis for the charges in the second amended information. Some of the charges, however, involved mortgage loans on properties not previously included in the earlier complaint. Even more importantly, both count one and the eleven counts of defrauding a financial institution were based on alleged violations of a new statute not involved in the earlier information. These new claims involved section 655.0322(6), Florida Statutes (2005), which states:
 

 Any person who knowingly executes, or attempts to execute,
 
 a scheme or artifice to defraud a financial institution,
 
 subsidiary, or service corporation, or any other entity authorized by law to extend credit, or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, subsidiary, service corporation, or any other entity authorized by law to extend credit, by means of false or fraudulent pretenses, representations, or promises, is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 (Emphasis added).
 

 Because of the new claims made by the State, Appellees filed a motion to quash counts one through eight and twelve of the third amended information. The motion asserted that counts two through eight and count twelve of the new information involved new claims which had been brought beyond the three-year statute of limitations applicable to second-degree felonies. The motion further asserted that count one had to be dismissed, as it relied on the charges involved in counts two through eight and count twelve. In response to the motion, the trial judge
 
 [1]
 
 entered an order granting the motion in its entirety. The State has appealed the dismissal of the counts.
 

 We find no error in the dismissal of counts two through eight and count twelve. These counts alleged new crimes and are barred by the statute of limitations. We reverse, however, the dismissal as to count one, which charged Appellees with first-degree aggravated white-collar crime, in violation of section 775.0844, Florida Statutes (2006).
 
 [2]
 
 The trial court properly determined that the count was a “distinctly new Count not previously
 
 *227
 
 charged,” which was a “substantial amendment” of the previously filed information. However, the statute of limitations for a first-degree felony is four years under section 775.15(2)(a), Florida Statutes (2006).
 
 [3]
 
 The white-collar charge was based on thirteen prior acts of defrauding a financial institution alleged to have been committed from February 1, 2006 through October 31, 2007. This makes February 1, 2010, the final cut-off date as to all predicate offenses included in the charge. The third amended information was filed on January 15, 2010, rendering the charge timely.
 

 The fact that the individual (predicate) offenses would have been untimely if brought as independent charges does not affect the timeliness of the prosecution for aggravated white-collar crime. This is a continuing offense, based on the commission of numerous predicate acts. Because of the large number of predicate acts required to establish the offense, the Legislature obviously gave the State additional time to include prosecution for offenses which might have otherwise been untimely. The same result has been reached in the RICO context.
 
 See Cheffer v. Judge, Div. ‘S,’ 15th Judicial Cir.,
 
 614 So.2d 632, 633 (Fla. 4th DCA 1993) (holding RICO prosecution based on predicate acts of trafficking illegal drugs not barred by statute of limitations, although predicate acts were individually barred by four-year statute of limitations, because RICO prosecution was subject to five-year limitation). Because count one was filed inside the end date of the statute of limitations, the count was timely, and the trial court erred in quashing this count of the information.
 

 AFFIRMED IN PART; REVERSED IN PART.
 

 ORFINGER, C.J., GRIFFIN and COHEN, JJ., concur.
 

 [1]
 

 . A different judge handled the motion to dismiss than had presided over the initial trial.
 

 [2]
 

 . The crime becomes a first-degree felony when a person obtains or attempts to obtain $50,000 or more by the commission of an aggravated white-collar crime against (a) ten or more elderly persons, as defined in section 825.101(5), (b) twenty or more persons, as defined in section 1.01, or (c) the State of Florida, any state agency, any of the state’s political subdivisions, or any agency of the state’s political subdivisions. § 775.0844(5), Fla. Stat. (2006).
 

 [3]
 

 . The statute of limitations which apply are those which were in effect at the time of the incidents giving rise to the criminal charges.
 
 See Brown v. State,
 
 674 So.2d 738, 740 n. 1 (Fla. 2d DCA 1995). Here, the criminal incidents took place from February 1, 2006, through October 31, 2007, meaning more than one statute is applicable. No changes to the statute, however, were made during the relevant time frame.