PER CURIAM.
Petitioner Nicolas Manzini seeks a writ of prohibition to prevent his continued prosecution on a charge of second degree grand theft brought under section 812.014(2)(b)l., Florida Statutes (2005). According to the State, petitioner, an attorney who represented a criminal defendant in a fraud case, failed to return monies entrusted to him by his client to use as restitution as part of plea negotiations.
Petitioner allegedly withdrew monies exceeding the amount of the check given to him by the complaining witness sometime between February 28 and April 28, 2006. The original information in petitioner’s case was filed on March 3, 2011. By way of a motion to dismiss under Fla. R. Crim. P. 3.190(c)(4), petitioner sought dismissal of the charge against him based on the five-year statute of limitations under section 812.035(10), Florida Statutes (2005). In his motion, Petitioner argued that the money given to him by the criminal defendant client he was representing had been fully withdrawn from his law firm trust account by February 28, 2006, rendering the March 3, 2011 filing of the information in this case presumptively untimely. See Studnicka v. Carlisle, 553 So.2d 392, 393 (Fla. 4th DCA 1989).
While the motion to dismiss was under advisement, the State filed an amended information on June 27, 2012 which re-alleged the date of the offense as April 28, 2006. Based on this amendment to the original information, the trial court denied petitioner’s motion to dismiss, and subsequently denied a second motion to dismiss filed after the denial of his first motion. It is from the denial of this second motion to dismiss that petitioner moved this court to grant his petition for writ of prohibition to halt his continued prosecution, arguing that the trial court erred in denying the motion to dismiss based on the statute of limitations for grand theft, and so lacked jurisdiction to proceed against him.
Prohibition is an appropriate vehicle to challenge a trial court’s continued jurisdiction to preside over a criminal prosecution said to be beyond the statute of limitations for the offense charged. See Matos v. State, 961 So.2d 1077, 1077 (Fla. 4th DCA 2007). Thus, we have jurisdiction to review petitioner’s claim that the trial court erred in denying his second motion to dismiss.
We find the trial court’s denial was not legal error because petitioner’s motion was traversed by the State below, and the traverse specifically disputed facts as to petitioner’s authority over the funds he received and the date by which those funds were fully dissipated from petitioner’s trust account. See generally State v. Kalogeropolous, 758 So.2d 110, 111-12 (Fla.2000) (outlining the specificity required of a traverse to defeat a motion to dismiss); see also O’Malley v. Mounts, 590 So.2d 437, 439 (Fla. 4th DCA 1991) (holding that, for statute of limitations purposes, a crime of theft occurred when defendant exceeded his authority as to funds entrusted to him, not when he first received the funds); Padgett v. State, 519 So.2d 663, 665 (Fla. 4th DCA 1988) (same). Moreover, since the amended information filed in this case did not broaden or substantially expand the number or nature of the original charge against petitioner, it “related back” to the filing of the first information, rendering the amended information timely for statute of limitations purposes. See State v. Bonawitz, 997 So.2d 460, 462 (Fla. 4th DCA 2008); State v. Garofalo, 453 So.2d 905, 906-07 (Fla. 4th DCA 1984). Accordingly, we deny the petition for writ of prohibition filed by petitioner on the merits.

*1017
Petition for writ of prohibition is denied.

MAY, C.J., GROSS and CONNER, JJ„ concur.