WETHERELL, J.
In these consolidated appeals, the State seeks review of an order granting Daniel John Levitan a judgment of acquittal (JOA) on ten counts of grand theft on double jeopardy grounds, and Levitan seeks review of his conviction for aggravated white collar crime. We find no merit in the issues raised by Levitan and affirm his *1066 judgment and sentence for aggravated white collar crime without further comment. We do, however, find merit in the State’s argument that the trial court erred in granting a JOA on the grand theft counts and, for the reasons that follow, we reverse and remand for entry of judgment and sentence on those counts.
Levitan opened Finnegan’s Wake Irish Pub and Eatery in Pensacola in November 2007. Levitan’s wife and two others were listed as the owners of the business, but the evidence presented at trial established that Levitan was responsible for all of the day-to-day operations of the business, including the collection and remission of sales tax to the Florida Department of Revenue (DOR). The evidence further established that Levitan failed to remit all of the sales tax collected by the business for the months of December 2007, January 2008, February 2008, March 2008, April 2008, June 2008, July 2008, August 2008, September 2008 and October 2008, and instead he used those funds to pay operational expenses of the business. The sales tax not remitted for these months totaled more than $88,000.
In August 2009, after DOR’s civil collection efforts proved unsuccessful, the State charged Levitan with ten counts of grand theft, one count for each month that he failed to remit the sales tax collected by the business. The information was subsequently amended to include one count of aggravated white collar crime under section 775.0844, Florida Statutes (2007),[1] with the grand thefts serving as the predicate offenses for this charge. After a three-day trial at which Levitan represented himself, the jury found Levitan guilty of all eleven counts.
At the sentencing hearing, Levitan, through counsel, made an ore tenus motion for a JOA on the grand theft counts on double jeopardy grounds.[2] Levitan argued *1067 that the offense of aggravated white collar crime contained the elements of the predicate offenses and, because the grand thefts formed the basis of the charge for the aggravated white collar crime count, he was twice placed in jeopardy for the same offense. The trial court agreed and granted a JOA on the grand theft counts, finding that the ten counts of grand theft were “lesser offenses of’ and “subsumed within” the offense of aggravated white collar crime. The trial court adjudicated Levitan guilty of aggravated white collar crime and sentenced him to 10 years in prison followed by 20 years of probation consecutive to a sentence imposed in another case.[3]
On appeal, the State argues that the trial court erred in granting a JOA on the grand theft counts on double jeopardy grounds because aggravated white collar crime is a distinct offense that the legislature clearly intended to punish separately from its predicate offenses. We review this issue de novo. See McKinney v. State, 66 So.3d 852, 853 (Fla.2011) (“A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo.”) (quoting Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006)).
The issue framed by the State’s appeal was squarely addressed by our sister court in Headley v. State, 90 So.3d 912 (Fla. 3d DCA 2012).[4] In that case, the court held that a defendant could be convicted of both aggravated white collar crime and the predicate offenses without violating double jeopardy because the language and structure of section 775.0844 reflect a clear statement of legislative intent to authorize separate punishments. Id. at 913. The court explained:
[Section 775.0844] and the Florida RICO Act are similarly constructed, and both were enacted to allow for prosecution of the major offense as well as the predicate offenses. Both statutes establish an offense in which it is implicit that the defendant has committed a number of predicate offenses. Compare § 775.0844(3)-(4), with § 895.02. It has been previously held by Florida courts that being convicted of RICO as well as the necessarily lesser included offenses does not violate double jeopardy. See, e.g., Gross v. State, 728 So.2d 1206, 1208 (Fla. 4th DCA 1999); Haggerty v. State, 531 So.2d 364, 365 (Fla. 1st DCA 1988). The legislative intent in adopting the white collar crime statute was to “enhance sanctions imputed for nonviolent frauds and swindles, protect the public’s property, and assist in prosecuting white collar criminals.” § 775.0844(2). As with RICO, the white collar crime statute was geared toward prosecuting those individuals who engage in a pattern of committing felony offenses involving fraud and deceit. See § 775.0844(4) (defining “aggravated white collar crime”); see also Carroll v. State, 459 So.2d 368, 370 (Fla. 5th DCA 1984) (recognizing that by establishing RICO, the legislature intended to punish those who engage in a pattern of criminal activity more severely than those who only commit the predicate offenses).
Additionally, analyzing the white collar crime statute’s language and structure, as in Garrett, Headley’s double jeopardy rights were not violated as a result of being convicted of aggravated white collar crime and the predicate offenses. Garrett [v. United States], 471 U.S. 773, *1068 105 S.Ct. 2407, 85 L.Ed.2d 764 [(1985) ] (recognizing that the legislature intended CCE to be a separate offense and to permit prosecution for predicate offenses as well as CCE, and concluding that convictions for both does not violate double jeopardy). As with CCE, the legislative intent in establishing section 775.0844 was to create a separate and distinct offense, see State v. Traylor, 77 So.3d 224, 226 (Fla. 5th DCA 2011) (recognizing that charging a defendant with aggravated white collar crime is a “distinct” new count, separate from any predicate offenses previously charged); there is no reference in the statute to a multiplier of a penalty for some other offense; the punishment set forth in the statute does not reference its predicate offenses; and the definition of aggravated white collar crime is not drafted in the way that a recidivist provision would be drafted. See Garrett, 471 U.S. at 778, 781-82, 105 S.Ct. 2407, 85 L.Ed.2d 764.
Id. at 914-15.
We agree with this reasoning and, consistent with Headley, hold that Levitan could be convicted of both aggravated white collar crime and the predicate grand theft offenses without violating double jeopardy. Accordingly, we reverse the order granting a JOA on the ten grand theft counts and remand for the trial court to enter judgment and sentence on those counts. Levitan’s judgment and sentence is otherwise affirmed.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
ROWE and MAKAR, JJ., Concur.

. Section 775.0844 provides:
(2) Due to the frequency with which victims, particularly elderly victims, are deceived and cheated by criminals who commit nonviolent frauds and swindles, frequently through the use of the Internet and other electronic technology and frequently causing the loss of substantial amounts of property, it is the intent of the Legislature to enhance the sanctions imposed for nonviolent frauds and swindles, protect the public’s property, and assist in prosecuting white collar criminals.
(3) As used in this section, "white collar crime" means:
(a) The commission of, or a conspiracy to commit, any felony offense specified in:
[[Image here]]
2. Chapter 812, relating to theft, robbery, and related crimes.
[[Image here]]
(4) As used in this section, "aggravated white collar crime" means engaging in at least two white collar crimes that have the same or similar intents, results, accomplices, victims, or methods of commission, or that are otherwise interrelated by distinguishing characteristics and are not isolated incidents, provided that at least one of such crimes occurred after the effective date of this act.
(5)Any person who commits an aggravated white collar crime as defined in this section and in so doing either:
[[Image here]]
(c) Victimizes the State of Florida, any state agency, any of the state’s political subdivisions, or any agency of the state’s political subdivisions,
and thereby obtains or attempts to obtain $50,000 or more, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, ors. 775.084.

. The issue was raised in a pro se motion to dismiss filed by Levitan, but at the sentencing hearing his counsel explained:
I'm not making a motion to dismiss, Your Honor. I’m arguing to the Court that the Court must JOA ... the ten counts of grand thefts based on the fact that it would be a violation of double jeopardy as those counts are subsumed within the aggravated white collar crime.

. The judgment and sentence in the other case was subsequently reversed by this Court in Levitan v. State, 100 So.3d 776 (Fla. 1st DCA 2012).

. The trial court did not have the benefit of the Headley opinion when it ruled on Levi-tan’s ore tenus motion for a JOA.