PER CURIAM.
Petitioner Daniel J. Levitan seeks a petition for a writ of certiorari to review the denial of his motion for modification of sentence filed on the authority of rule 3.800(c), Florida Rules of Criminal Procedure. We grant the petition, quash the order denying modification, and remand for further proceedings.
Levitan was convicted of aggravated white collar crime, a violation of section 775.0844, Florida Statutes, for the failure to remit sales taxes while working as the general manager of Finnegan’s Wake Irish Pub in Pensacola. Also charged with ten counts of grand theft, the trial court granted a judgment of acquittal as to these counts holding that a conviction for these offenses would constitute double jeopardy given the conviction for aggravated white collar crime. He was sentenced to 10 years imprisonment. The State and Levi-tan each appealed. Concluding that the trial court erred in granting a judgment of acquittal on the counts of grand theft, this court ordered judgments of conviction be entered on those counts on remand. State v. Levitan, 115 So.3d 1065 (Fla. 1st DCA 2013). In view of the new convictions, resentencing was ordered. After rehearing was denied by this court, Levitan unsuccessfully sought review in the Florida Supreme Court, which eventually denied relief on May 7, 2014. Levitan v. State, 143 So.3d 919 (Fla.2014). Resentencing had already occurred on July 26, 2013. Another appeal was filed with this court on August 26, 2013, challenging the convictions for grand theft. This court affirmed by an opinion issued Aug. 14, 2014. Levitan v. State, 146 So.3d 1176 (Fla. 1st DCA 2014). While the appeal of the convictions for grand theft were pending before this court, Levitan, through counsel, filed a motion to modify his sentence pursuant to rule 3.800(c), Florida Rules of Criminal Procedure. Two weeks later, while the second appeal was still pending, the trial court summarily denied the motion.
An appeal of that denial was taken, and this court is treating the appeal as a petition for a writ of certiorari. A ruling on a 3.800(c) motion in the alleged absence of jurisdiction during the pendency of a direct appeal is subject to certiorari review. State v. Williams, 780 So.2d 1031 (Fla. 1st DCA 2001). The State does not deny that a trial court lacks jurisdiction to rule on a 3.800(c) motion while a direct appeal is pending, but suggests that the denial was, in fact, a recognition on the part of the trial court that it did not have jurisdiction to consider the motion. It should be noted the trial court did not state the reason for it denial. Because the trial court did not indicate that it would later consider the merits of the motion, we conclude the order denying relief must be quashed, and the cause remanded for specific consideration of the merits. See Williams. Accordingly, we grant the petition, quash the *876 order denying the motion for modification of sentence, and remand.
PADOVANO, WETHERELL, and BILBREY, JJ., concur.