PER CURIAM.
Defendant Michael.Anthony Morelli petitions for a writ .of.'prohibition seeking to prevent his prosecution for charges of false imprisonment, a third-degree felony, and battery, a first-degree misdemeanor. , Petitioner contends that the statute of limitations bars his prosecution. The trial court denied petitioner’s motion to dismiss. In response to our order to show cause, the State concedes that it has no good faith basis to oppose the relief requested. Accordingly, we grant the petition and direct the trial court to dismiss the charges.
A petition for writ of prohibition is a proper method to challenge before trial the denial of a motion to dismiss a criminal prosecution that is barred by the statute of limitations. Laverde v. State, 933 So.2d 1289, 1290 (Fla. 4th DCA 2006); Pontius v. State, 932 So.2d 618, 619 (Fla. 4th DCA 2006); Scharfschwerdt v. Kanarek, 553 So.2d 218, 219 (Fla. 4th DCA 1989) (citing Reino v. State, 352 So.2d 853 (Fla.1977)).
The offenses were allegedly committed in June 2005 and an information was filed in August 2005. Petitioner had'not been arrested or served with a summons for the charges. The capias that issued that day was not served until September 2015, a full ten years later.
A prosecution for a third-degree felony “must be commenced within 3 years after it is committed.” § 775.15(2)(b), Fla. Stat. (2004). A prosecution for a first-degree misdemeanor “must be commenced within 2 years after it is committed.” § 775.15(2)(c). The statute provides in relevant part:
(b) A prosecution ón a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the ca-pias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, ina *999 bility to locate the defendant after diligent search or the defendant’s absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.
§ 775.15(5)(b), Fla. Stat. (2004) (emphasis supplied).
At the evidentiary hearing on the motion to dismiss, the State presented no competent substantial evidence to establish it conducted á diligent search and was unable to locate petitioner in the ten years after the capias issued. The State presented only hearsay evidence and admitted no records to show that any meaningful search was conducted. No evidence was presented that the State checked any obvious sources of information or that it followed up.on any leads. See State v. Mack, 637 So.2d 18, 19 (Fla. 4th DCA 1994). The State presented nothing to show that petitioner was absent from the state, that he was hiding his whereabouts, or that any basis existed for tolling the limitation period.
We agree with petitioner, and the State’s concession, that the ten-year delay in serving the warrant was unreasonable. The trial court should have granted petitioner’s motion and dismissed the charges.

Petition granted.

WARNER, MAY and FORST, JJ., concur.