DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS REAVES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1306

[April 16, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 23-8133 CF10A.

Daniel Eisinger, Public Defender, and Ethan Goldberg and Robert Porter, Assistant Public Defenders, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuna, Senior Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Thomas Reaves appeals his adjudication of guilt for aggravated battery entered following a plea of nolo contendere. Reaves specifically challenges the denial of his motion to dismiss. Because the state failed to prove by competent, substantial evidence that the statute of limitations did not bar the prosecution, we are compelled to reverse.

In 2023, Reaves was charged, pursuant to section 794.011(4)(a), Florida Statutes (2005), with committing sexual battery on a victim who was physically helpless to resist. The charge was filed following a DNA "hit" from CODIS in 2022 linking Reaves to DNA from a rape kit collected in 2005, shortly after the crime.

Reaves moved to dismiss the charge on the basis that the state had failed to commence prosecution within the applicable four-year statute of limitations for a first-degree felony, section 775.15(2)(a), Florida Statutes (2005).

The state responded that two statutory exceptions to the limitations period applied pursuant to section 775.15(14)-(15)(a), Florida Statutes (2005), because (1) the crime was reported within 72 hours, and (2) the prosecution commenced within one year after Reaves had been identified through DNA.

At the hearing on the motion and by separate written motion, the state asked the trial court to take judicial notice of the court file, the probable cause affidavit, and the information, and the state relied on these as evidence to establish the facts supporting the exceptions to the applicable statute of limitations. Reaves objected on the basis of hearsay. The trial court took judicial notice and denied the motion to dismiss. Defense counsel inquired if the trial court was finding the motion dispositive, and the trial court said yes. The state did not object. Reaves later pled no contest to the lesser crime of aggravated battery in accordance with a plea agreement, and he expressly reserved his right to appeal.

This appeal follows. Reaves argues that the state's only evidence at the hearing on the motion to dismiss was the judicially-noticed court file. He contends the arrest affidavit therein was inadmissible hearsay, so the state failed to prove by competent, substantial evidence that the statute of limitations did not bar the prosecution.

"An appellate court reviews de novo a trial court's order on a motion to dismiss, applying the statute of limitations in effect at the time of the alleged crimes." *Morreale v. State*, 382 So. 3d 796, 797 (Fla. 5th DCA 2024). "When a defendant raises whether the applicable statute of limitations has expired, the burden is on the State to prove by competent, substantial evidence that prosecution is not barred." *Id.* at 798.

Hearsay is not competent, substantial evidence. *Morelli v. State*, 198 So. 3d 997, 999 (Fla. 4th DCA 2016). "[T]he information contained in police reports is ordinarily considered hearsay and inadmissible in an adversary criminal proceeding," and the information in the report does not "fall under any recognized exception to the hearsay rule." *Burgess v. State*, 831 So. 2d 137, 140 (Fla. 2002). Information contained in police reports does not fall under the public records exception to the hearsay rule because "matters observed by a police officer or other law enforcement personnel" are specifically excluded from the exception in criminal cases. *See id.* (citing § 90.803(8), Fla. Stat. (1999)).

Moreover, the mere fact that a trial court takes judicial notice of a court file does not defeat a hearsay objection to its contents:

> [T]he fact that a record may be judicially noticed does not render all that is in the record admissible. *See Allstate Ins. Co. v. Greyhound Rent–A–Car, Inc.*, 586 So. 2d 482, 483 (Fla. 4th DCA 1991). For instance, the court's authority to take judicial notice of records cannot be used to justify the wholesale admission of hearsay statements within those court files, such as through police reports or letters. *See Stoll v. State*, 762 So. 2d 870, 876 (Fla. 2000) ("We have never held that such otherwise inadmissible documents are automatically admissible just because they were included in a judicially noticed court file."). In *Stoll*, we held that "documents contained in a court file, even if that entire court file is judicially noticed, are still subject to the same rules of evidence to which all evidence must adhere." *Id.* at 877.

*Dufour v. State*, 69 So. 3d 235, 253-54 (Fla. 2011).

The state concedes that it did not meet its burden of proof in the proceedings below, and we agree. The state relied on the information contained in the judicially-noticed court file, primarily the charging document and arrest affidavit, to establish the facts that the crime was reported within 72 hours of its occurrence and that prosecution had commenced within one year after Reaves had been identified through analysis of DNA evidence. Thus, quite simply, the state relied on inadmissible hearsay to establish the requisite facts for application of the exceptions to the statute of limitations. This evidentiary deficiency obliges us to reverse.

Further, we reject the state's argument that we must nevertheless affirm because the order on Reaves' motion to dismiss is not dispositive and consequently not appealable. *See* § 924.051(4), Fla. Stat. (2024) ("If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, . . . the defendant may not appeal the judgment or sentence."). We must give substantial deference to the trial court's determination of the dispositive nature of the issue, *see Sommers v. State*, 404 So. 2d 366, 369 (Fla. 2d DCA 1981) ("In deciding whether to entertain [an] appeal, [the appellate court] will give substantial deference to the trial court's determination of the dispositive nature of the issue."), and the state has not demonstrated that it may relitigate the issue of the statute of limitations, *see generally State v. Schafer*, 376 So. 2d 927, 928 (Fla. 2d DCA 1979) ("The doctrine of Res judicata applies when the court has previously resolved the identical issue presented.").

3

Consequently, we are left with no choice but to reverse and remand for the trial court to grant the motion to dismiss.

*Reversed and remanded with instructions.*

GROSS and KUNTZ, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**